ARLENE SPEAR JONES
PARENT OF TIMOTHY A. SPEAR AND IN HIS BEHALF
*vs.*
GLADYS THOMPSON

ARLENE T. JONES, APPELLANT FROM DECREE OF
HARRY E. WILBUR, JUDGE OF PROBATE

Knox.    Opinion, February 8, 1956.

*Christopher S. Roberts,* for Arlene S. Jones, Appellant.

*Frank G. Harding,* for Gladys Thompson, Appellee.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, CLARKE, JJ.

TAPLEY, J.   On exceptions.   These cases involve the custody of a male, minor child born to Arlene Spear, now Arlene Spear Jones, out of wedlock.   The child was born on June 29, 1950 and since his birth he has resided with Gladys Thompson and her husband, Leroy F. Thompson.   Gladys Thompson is the sister of Oramon Bernard Jones, the alleged father of the child.   There have been various actions commenced and prosecuted concerning the custody of this child over a period approximating five years.   The cases with which we are now concerned are those of adoption and habeas corpus.   The adoption case originated upon the petition of Gladys F. Thompson and Leroy F. Thompson, dated December 5, 1951 and returnable on the twenty-first day of December, 1951 at the Probate Court within and for the County of Knox.   On October 26, 1953, by consent of all the parties, Curtis M. Payson was appointed guardian *ad litem* to represent the minor child, Timothy A. Spear, subject of the adoption.   Mr. Payson accepted the appointment.   A hearing was held on November 2, 1953 before the Judge of

Probate. As a result of this hearing, adoption of Timothy A. Spear, with change of name, was granted to the Thompsons. The mother of the child, Arlene Spear, appealed to the Supreme Court of Probate.

Arlene Spear married Oramon Bernard Jones in May of 1953 and on October 24, 1953, a short time previous to the hearing on the adoption petition, she signed an application for the issuance of a writ of habeas corpus, the purpose of which was to obtain custody of her son. By stipulation between the parties, the application for writ of habeas corpus and the probate appeal were tried together before a justice presiding at the February Term, 1954 of the Superior Court within and for the County of Knox. The justice below refused the writ and affirmed the decree of adoption and change of name as granted by the Judge of Probate. To these rulings Arlene Spear Jones took exceptions.

We shall first consider the exceptions relating to the adoption case. The Thompsons in their petition for adoption allege "that the parent of said child has abandoned said child and ceased to provide for its support." The petition was brought under provisions of Chap. 145, Secs. 35, et seq., R. S., 1944, as amended.

After a full hearing, the Judge of the Probate Court allowed the petition of adoption and decreed that the minor child be that of the petitioners and that his name be changed to Kevin Robert Thompson. The appellant seasonably filed an appeal to the Supreme Court of Probate and alleged the following reasons of appeal:

"That the only allegation in said petition for adoption whereby the Court had jurisdiction or could grant said petition and made said decree was the statement therein that your Appellant 'has abandoned' her said child and that there was no evidence or the slightest proof at the hearing thereon of any such fact of abandonment."

In these words are stated the issue on appeal.

The appellant is strictly confined to such matters as she specifically declares upon in her reasons of appeal. *Garland, Appellant,* 126 Me. 84; *Barnes v. Barnes,* 66 Me. 286; *Gilman v. Gilman,* 53 Me. 184. There are no issues raised of procedure and, therefore, we assume that these adoption proceedings were in strict accordance with statutory provisions. The trial judge was charged with the responsibility of determining a question of fact and the fact to be determined was: Did the appellant, Arlene T. Spear, mother of the child, Timothy A. Spear, abandon him and cease to provide for his support?

2 C. J. S., page 389:

> "Abandonment is a question of fact which requires evidence that the parents at some time definitely gave up their parental interests in the child and their duties to it. Whether an abandonment of a child, rendering unnecessary the parent's consent to an adoption, exists is a question of fact, depending largely upon the parent's intention, to be determined on competent evidence after notice to the parent."

A careful perusal of the record will convince the reader that there is a great amount of contradictory testimony given by the witnesses on the one side and the other. This gives rise to the necessity of factual determination which in this case was the particular province of the presiding justice. There is ample evidence to be found in the record upon which he could base his decision.

*Waning, Appellant,* 151 Me. 239, at page 252:

> "The rule is firmly established that upon exceptions to findings of the sitting Justice in the Supreme Court of Probate upon questions of fact, if there is any substantial evidence to support the findings, the exceptions must be overruled."

> "The findings of a Justice of the Supreme Court of Probate in matters of fact, are conclusive, if there

is any evidence to support them. It is only when he finds facts without evidence that his finding is an exceptionable error in law."

*Exceptions to the findings in the adoption case are overruled.*

The application for writ of.habeas corpus brought by Arlene Spear Jones as parent of Timothy A. Spear, and in his behalf, against Gladys Thompson, was heard at the same time as the appeal in the adoption case. The application was denied and the writ refused, to which rulings the petitioner took exceptions. The exceptions declare "That from the testimony taken at said hearing your petitioner says that no other decision except that of sustaining her petition was warranted or possible under the law."

The same situation obtains relative to this exception as it does to the exception concerning the adoption appeal, meaning the appellant argues that from the testimony adduced at the hearing, the presiding justice could do nothing other than to sustain her application for the writ of habeas corpus. Again we state that the record discloses sufficient evidence to warrant the findings of the presiding justice in respect to the denial of the application and refusal of the writ of habeas corpus. This exception is overruled.

*Exceptions ·overruled.*