Rockingham,
No. 5468.

ROBERT C. WALLACE *v.* BARRY N. LOUGEE *& a.*

Argued May 4, 1966.
Decided June 30, 1966.

*George R. Scammon* and *Robert G. Whitman* ( *Mr. Whitman* orally ), for the plaintiff.

*Perkins, Holland & Donovan* and *Upton, Sanders & Upton* ( *Mr. Richard F. Upton* orally ), for the defendants.

DUNCAN, J. The minor child is the only child of the marriage of the plaintiff Robert C. Wallace and his wife, Becky. He was born on July 31, 1958, and lived with both parents until April 1, 1961. His parents then separated, his mother returning with the child, to the home of her parents at Hampton, while the plaintiff continued to reside in Minnesota where he was then employed. On May 22, 1961, Becky filed a libel for divorce, which was granted on October 3, 1961, by a decree granting her custody of the child, subject to the plaintiff's right of visitation. On January 23, 1962, Becky's father, Carl M. Lougee, was appointed guardian of the person and estate of the minor, on a petition to which the plaintiff consented with the stipulation that he would be relieved of obligation for the support of the child, which had been fixed at five dollars a week by the decree of divorce. See RSA 463:12.

Following her return to New Hampshire Becky underwent two surgical operations in December 1961 and January 1962. Her illness proved incurable and she died on Sunday, February 10, 1963, when her son was not yet five years of age. On Friday, February 8, 1963, she endorsed her consent to adoption of the child by the defendants upon their petition for adoption. The petition was delivered on the evening of the same day to an attorney for filing, and was filed on Monday, February 11, 1963. Thereafter, following hearings by the probate court the petition was granted on September 18, 1964, and this appeal followed.

The sole issues presented by the appeal relate to jurisdiction to enter the decree. The plaintiff contends that the mother's consent to the adoption was a nullity because her death occurred before the petition was filed and terminated any interest which she had in the custody of the child; and that the Court had no jurisdiction because the plaintiff neither consented to the adoption, nor abandoned his child, within the meaning of the adoption statute. RSA 461:3.

The statute on adoption provides in part as follows: " CONSENT. Except as otherwise provided . . . the child, if of the age of fourteen or upward, and his parents, or the survivor of them, shall consent in writing to the adoption; . . . in case of abandonment on the part of either parent . . . the consent of the remaining parent, shall be sufficient. If neither parent is living, the guardian may give consent. . . . " RSA 461:3 *supra*.

It is not disputed that the plaintiff did not consent to the adoption, but actively opposed it before the court. The master found

however that he had abandoned the child, and ruled that the consent of the deceased mother, endorsed upon the petition, was sufficient to establish the jurisdiction of the court to enter the decree. In finding abandonment, the master adopted the view that "abandonment imports conduct . . . which evinces a settled purpose to forego all parental duties and relinquish all parental claim to the child. " He found that the evidence established such conduct on the part of the plaintiff. No issue is here presented concerning the suitability of the adopting parents, that issue having been determined in their favor by the probate court, without appeal therefrom.

The diligence of counsel has failed to uncover any authority directly in point on the issue of the sufficiency of the mother's consent to satisfy the requirements of the statute. As counsel for the plaintiff points out, no provision is made by the statute in question for adoption of a child without parental consent, unless both parents are deceased. *Durivage* v. *Vincent*, 102 N. H. 481, 484. On the other hand, the statute contains no express provision that a parent who gives consent must survive the date of the filing of the adoption petition, or the date of hearing, or of the decree. Once the consent of a parent is given, his or her further participation in the proceedings is not required by the statute. The provision for a waiting period of a year after entry of a temporary decree, before a decree of adoption is to be entered ( RSA 461:5 ( supp ) ), makes unlikely any implied requirement of survival by the consenting parent or parents.

The family relationship of parent and child is commonly considered to extend beyond the lifetime of either, and the concern of one for the other transcends the grave. One may be the parent of a deceased child, or the child of a deceased parent. RSA 551:10; 561:1. Property rights as well as rights of custody are vitally affected by adoption. *Young* v. *Bridges*, 86 N. H. 135. It may be granted that rights of custody, in the nature of things, terminate with a parent's death. RSA 463:4. Orders of custody in divorce proceedings abate upon death of one of the parties, and the rights and obligations of the surviving parent will ordinarily revive. *Leclerc* v. *Leclerc*, 85 N. H. 121; *Barry* v. *Sparks*, 306 Mass. 80. See RSA 463:12; *Lessard* v. *Company*, 83 N. H. 576. In the case before us however, the plaintiff had undertaken to divest himself, in favor of the child's guardian, of any right which might have so revived. RSA 463:1, 18-a ( supp ); *Leclerc* v. *Leclerc, supra. Cf. Lessard* v. *Company, supra.*

No provision of the statute operates to invalidate the consent given by the mother in this case. It was formally given upon a petition intended to be filed in court, and during the mother's lifetime delivered for filing to an attorney who promptly filed it. The consent was never withdrawn, either before it was acted upon, or after. *Cf. Durivage* v. *Vincent, supra,* 102 N. H. 481; *Wyness* v. *Crowley,* 292 Mass. 461. See *Page* v. *Library,* 69 N. H. 575. Being personal in nature, and having been given as provided by the statute and during the mother's lifetime, no compelling reason is suggested why it should not remain effective after her death. See *McCutcheon's Estate,* 283 Pa. 157.

Accordingly we hold that the validity of the mother's consent was unaffected by her death, and that its sufficiency under the statute is to be determined according to the time of its execution with intent that it should be filed. See *Anderson* v. *Insurance Company,* 75 N. H. 375, 383; *McCutcheon's Estate, supra; Georgetown Nat. Bank* v. *Ford,* 215 Ky. 472. When she consented, "she alone had authority to speak for the natural parents" under the statute, if the father had abandoned the child. RSA 461:3, *supra; Adoption of a Minor,* 338 Mass. 635, 642. Upon the filing of the petition bearing the written consent of the deceased mother, the probate court had jurisdiction to entertain the proceedings, and to enter a decree of adoption should it appear that the father had abandoned the child. *Cf. Lucius* v. *Wistner,* 97 N. H. 128.

"There seems to be a practical unanimity in the cases as to the definition of the word 'abandonment' when used in an adoption statute: abandonment exists when the parent's conduct evidences a settled purpose to forego all parental duties and relinquish all parental claims to the child for the time prescribed by statute." Note 40 Ind. L. J. 378, 392; *Emmons* v. *Dinelli,* 235 Ind. 249. See Clad et als, Family Law 57 (1964); Katz, Law of Adoption, 51 Georgetown L. J. 64, 78-79, 85; Annots. 35 A. L. R. 2d 662, 665, 47 A. L. R. 2d 824, 847.

The New Hampshire statute prescribes no period for which the abandoment must have existed. Abandonment is not to be considered "an ambulatory thing, the legal effects of which a delinquent parent may dissipate at will by the expression of a desire for the return of the discarded child." *Davies Adoption Case,* 353 Pa. 579, 587. See also, *In re Adoption of a Minor,* 144 F. 2d 644, 648 (D.C. Cir. 1944); *Adoption of a Minor,*

343 Mass. 292; *Hazuka's Case,* 345 Pa. 432, 435. The fact that a divorce had been decreed between the parents in which an order of custody was entered did not preclude a finding of abandonment. *Wilson* v. *Otis,* 71 N. H. 483, 484, 487; Annot. 35 A.L.R. 2d 662, *supra,* 688.

A different conclusion was reached in *Zalis* v. *Ksypka,* 315 Mass. 479, 483, relied upon by the plaintiff. There, under a statute dispensing with the consent of a parent who had " wilfully deserted " and neglected to provide for his child for a period of a year preceding the adoption proceedings, the court held that a parent " cannot be said rightly to have wilfully deserted his child while she is in the custody of another with his consent and by a decree of a court of competent jurisdiction. . . . " Beside presenting a difference in statutory provisions, the case represents a minority view, and has presented problems in that jurisdiction. See Wasserman, Assent to Adoption, 37 Mass. L. Q. ( No. 3 ) *p.* 56. The views expressed by the cited case are inconsistent with *Wilson* v. *Otis, supra,* and are not adopted in this case.

The master found and ruled: " It might well be that neither the failure to visit, the failure to contribute to support, nor the agreeing to the guardianship as condition of being relieved from support, taken each by itself would be sufficient to support the charge of abandonment on the part of [ the father]. However, the master finds and rules that taken together they evidence ' a settled purpose to forego all parental duties and relinquish all parental claim to ' [ the child] and establishes ' a case of abandonment ' on the part of [ the father]. "

Possibly different findings could be reached on the transcribed record. Reluctance by the plaintiff to invade the household of the mother's parents if he was not welcome there would be understandable. Mistrust, under such circumstances, might be thought to account for a failure to visit or send gifts to the child upon his birthdays. But consent by the father to guardianship of the child's person in return for freedom from financial obligation for his support is difficult to reconcile with a claim of continued devotion to parental duties and the welfare of the child. The issue was one of fact for the master to determine, and the record does not require the conclusion that his finding was erroneous as a matter of law. *Jones* v. *Thompson,* 151 Me. 462; *Matter of Maxwell,* 4 N. Y. 2d 429; *Adoption of a Minor, supra,* 343 Mass. 292; *In re Miller,* 15 Ill. App. 2d 333.

The plaintiff excepted to the exclusion from evidence of three letters written by the mother to him when he resided in Connecticut in October 1962. They were offered to show the state of mind of the mother with respect to the issue of abandonment. It is argued that they reflect no suggestion of abandonment of the child by the father, but showed solicitude by the mother for the father-and-son relationship. We consider that the letters were properly excluded. At most they were ambiguous in conveying any suggestion of the father's intent with respect to the child, and they were hearsay. The relevance of the mother's state of mind to the issue of abandonment is not apparent.

Offers by the defendants to prove other extra-judicial statements made by the deceased mother were excluded for like reasons. We find no error of law in the proceedings upon appeal, and the plaintiff's exceptions are overruled.

*Exceptions overruled;*
*appeal dismissed.*

All concurred.