Grafton
No. 7412

MISSIONARIES OF LA SALETTE CORPORATION & a.

v.

TOWN OF ENFIELD

April 30, 1976

*Gardner, Clauson & Boswell (Mr. K. William Clauson* orally) for the plaintiffs.

*Upton, Sanders & Smith (Mr. Richard F. Upton* orally) for the defendant.

GRIMES, J. The question in this tax abatement petition is whether plaintiffs' failure to file their petition within six months after notice of the 1973 tax can be excused because of settlement negotiations with the selectmen. We hold that it cannot.

Plaintiffs are religious organizations engaged in carrying on certain of their purposes on the property in question which consists of several buildings and a substantial amount of land.

Prior to April 1973 most, but not all, of the real estate used by the seminary and the novitiate was exempt from real estate taxes. In 1973, as a result of a general reassessment, plaintiffs received tax bills amounting to $23,000. As a result of admitted mistakes, there were reductions made resulting in tax bills being received by plaintiffs on January 10, 1974, in the amount of $11,350.50. On March 18, 1974, plaintiffs filed an application for abatement and on April 6, 1974, a conference was attended by the selectmen and representatives of the plaintiffs, including their attorney. The

selectmen agreed to review all tax information as to description, location, appraisal value and taxes on the properties and to meet again with the plaintiffs' representatives. On May 6, the selectmen requested copies of deeds, which were furnished on May 13. On May 28, 1974, the selectmen advised plaintiffs they were making a "complete review" of plaintiffs' appraisal and would advise when this was completed.

On July 2, 1974, a second conference was held with no results except that representatives of the State property appraisal division agreed to review their records further to see if a $150,000 statutory exemption had been granted. By letter of July 10, 1974, plaintiffs' lawyer expressed dissatisfaction that nothing had been accomplished since the conference of April 6. In August, plaintiffs' counsel was informed that the selectmen were still waiting for further information from the State and was told by a representative of the State property appraisal division of the reasons for delay and that a report to the selectmen would come soon.

After a meeting on September 18, 1974, which became "heated", the selectmen on October 4, 1974, denied the application for abatement of 1973 taxes. Plaintiffs' petition was filed in the superior court on October 23, 1974. On motion of the defendant, the petition was dismissed because it was not filed within six months after plaintiffs were notified on January 10, 1974, of the tax. Plaintiffs' exception was transferred by *Cann*, J.

RSA 76:16 provides that any person aggrieved by the assessment of a tax may, within four months after notice of the tax, apply to the selectmen for an abatement. RSA 76:17 (Supp. 1975) provides in relevant part: "If the selectmen neglect or refuse so to abate, any person aggrieved ... may ... within six months after notice of the tax apply by petition to the superior court ... which shall make such order thereon as justice requires."

Plaintiffs' contention that the statute should be read to require a refusal before the time limitation begins to run has long ago been decided adversely to them. The six months in this case expired on July 10, 1974. *Larkin v. Portsmouth*, 59 N.H. 26 (1879); *Sisters of Mercy v. Hooksett*, 93 N.H. 301, 314, 42 A.2d 222, 230 (1945).

Plaintiffs contend, however, that the town should be estopped from asserting the limitation as a bar because of the negotiations which were being conducted during the period that the statute was running. Estoppel will not as a general rule run against a government. *R.A. Vachon & Son, Inc. v. Concord*, 112 N.H. 107,

276

289 A.2d 646 (1972). In any event, the mere existence of settlement negotiations will not act as an estoppel. See cases collected in Annot., 39 A.L.R.3d 127 (1971). We are satisfied that in this case the selectmen did nothing which would give rise to an estoppel and that the motion to dismiss was properly granted.

*Exception overruled.*

All concurred.