Board of Taxation
No. 7386

ARLINGTON AMERICAN SAMPLE BOOK COMPANY

v.

BOARD OF TAXATION

September 30, 1976

*Maynard, Dunn & Phillips (Mr. William Maynard* orally) for the plaintiff.

*Spanos & Spanos* and *Gerald J. Carney (Mr. Carney* orally) for the town of Newport.

*David H. Souter,* attorney general, filed no brief, for the State.

DUNCAN, J. The plaintiff, Arlington American Sample Book Company, appeals under RSA 76:16-a (Supp. 1975) from a decision of the State board of taxation dismissing its appeal to the board for a tax abatement on the ground that the appeal was not seasonably filed. RSA 76:16-a (Supp. 1975).

The plaintiff acquired certain commercial property in Newport in 1970 for a price of $100,000. In 1971, the property was assessed by the town at that value. In 1972, it was assessed at $337,500, whereupon the plaintiff appealed to the selectmen and then the board of taxation for an abatement. The latter granted an abatement to $100,000. In 1973, the property was again assessed at $337,500, and, upon appeal, the board abated the assessment to $160,950. In 1974, the tax year now in dispute, the town again assessed the property at $337,500. When an appeal to the select-

men brought no action, the plaintiff instructed its attorney to file an appeal with the board of taxation. The appeal was prepared in proper form on May 23, 1975, with the intention that it be filed. However, it then remained in the attorney's office and was not filed until June 10, 1975.

The parties agree that the time for perfecting an appeal to the State board of taxation expired on June 4, 1975. RSA 76:16-a (Supp. 1975). The plaintiff argues that the act of preparing the necessary papers with the intention that they be filed tolled the limitation found in RSA 76:16-a (Supp. 1975).

Since 1973 (Laws 1973, 544:2) an appeal from an adverse assessment may take one of two forms: The property owner may "apply in writing" to the board of taxation, or he may petition the superior court "in lieu of" an application to the board. RSA 76:16-a I, :17 (Supp. 1975). In either case, the action must be taken within six months "after notice" of the tax. *Id.*

In *Sisters of Mercy v. Hooksett*, 93 N.H. 301, 314, 42 A.2d 222, 230 (1945), it was noted that the six-month period of limitation imposed by the predecessor of RSA 76:17 (*See* Laws 1913, 67:1) was "in the nature of a statute of limitation" and not avoidable for accident, mistake, or misfortune. *Id.; Larkin v. Portsmouth*, 59 N.H. 26 (1879). The operative language of RSA 76:16-a I requires an application to the board to be made in writing "within six months after notice of such tax, and not afterwards . . . ." "[T]he intent of the statute to cut off the statutory right at once upon termination of the stated period seems tolerably clear." *Joint Council Dining Car Employees Local 370 v. Delaware, L.&W. R.R.*, 157 F.2d 417, 420 (2d Cir. 1946). Whether the late filing is due solely to oversight or omission by the taxpayer's counsel, and whether excusable or not, the relief sought is barred. *Paras v. Portsmouth*, 115 N.H. 63, 66-67, 335 A.2d 304, 307 (1975); *Missionaries of La Salette Corp. v. Town of Enfield*, 116 N.H. 274, 356 A.2d 667 (1976).

The gist of the taxpayer's complaint in the instant case is that it was only his failure to *file* the application which was due to accident, mistake or misfortune. The cases relied on in the main concern civil actions involving writs and service of process. Those cases indicate that the relevant statute of limitations is tolled when the writ is executed with the intention that it be served on the adverse party. *Mason v. Cheney*, 47 N.H. 24 (1866); *Anderson v. Aetna Life Ins. Co.*, 75 N.H. 375, 74 A. 1051 (1909). In the context of commencement of a civil action in which the adverse party may

absent himself from the jurisdiction, or actively seek to avoid service of process, the rule is founded upon reasons not applicable to the case at bar. *See Bolduc v. Richards,* 101 N.H. 303, 142 A.2d 156 (1958).

*Wallace v. Lougee,* 107 N.H. 251, 221 A.2d 780 (1966), also cited by the plaintiff, involved the validity of a natural mother's consent to the adoption of her minor child. The consent agreement was held to be valid as of the time it was signed with the intention that it be filed with the court (*Id.* at 254, 221 A.2d at 783), and not vitiated by the death of the mother before the consent was filed. Clearly, *Wallace* is distinguishable from the case at bar.

We find no error in the action of the board of taxation. *Missionaries of La Salette Corp. v. Town of Enfield,* 116 N.H. 274, 356 A.2d 667 (1976).

*Appeal dismissed.*

All concurred.