Probate Court, Merrimack County
No. 7693

### THE STATE OF NEW HAMPSHIRE

### v.

### JANE DOE

June 27, 1977

*David H. Souter,* attorney general, and *Anne E. Cagwin,* attorney (*Ms. Cagwin* orally), for the state.

*John C. Boeckeler,* of Concord, guardian ad litem, by brief and orally for Jane Doe.

GRIMES, J.  The issue in this case is whether the evidence supports a finding that the parental rights of Jane Doe with regard to her son, John Doe, should be terminated because of abandonment. RSA 170-C: 5 I (Supp. 1975).

Jane Doe is the natural mother of John Doe, who is three years old. She suffers from a mental illness and has been a patient at the New Hampshire Hospital on several occasions beginning in 1970. She was committed involuntarily in January 1974, because she was pregnant and because of the danger to the unborn child. She refused medical care and on February 8, she was transferred to the Concord Hospital where she gave birth to John Doe and was discharged with him on February 12, 1974. From then on until September 11, 1974, the division of welfare was in almost daily contact with her in an attempt to assist her in caring for the child and meeting her own physical and financial needs. It is not necessary to detail the evidence of neglect which resulted in an *ex parte* order of the Concord District Court removing the child from the home and giving custody to the division of welfare. Thereafter Mrs. Doe was notified of two different hearings scheduled to consider the matter of custody but she failed to attend either one.

By petition dated June 25, 1975, the division of welfare asked that Mrs. Doe's parental rights be terminated and that custody of John Doe be transferred to it. The basis of the petition was that Mrs. Doe had "had no contact with the child in over six months and is incapable of giving day-to-day care to said child because of mental illness." After hearing, the probate court ordered that parental rights be terminated on the ground of abandonment under RSA 170-C: 5 (Supp. 1975) and that custody of John Doe be given to the division of welfare.

Mrs. Doe challenges the order of the court on the grounds that (a) parental rights cannot be terminated on the ground of abandonment when the child has been taken from his parent pursuant to a court order and (b) that the finding of abandonment could not reasonably be made on the evidence in this case.

■■ We agree with the state that a finding of abandonment is not precluded merely because the initial separation of the mother and child resulted from a court order and against the will of the mother. That, of course, is a factor to be considered on the question, but subsequent conduct on the part of the parent thereafter may be found to constitute abandonment. *Wallace v. Lougee,* 107 N.H. 251, 221 A.2d 780 (1966); *In re Maxwell,* 117 Cal. App. 2d

156, 255 P.2d 87 (1953). The fact that the initial involuntary taking would not constitute an abandonment does not "foreclose the possibility that by action or nonaction subsequent to the [court] proceeding the parent can be guilty of an abandonment." *In re Maxwell, id.* at 164, 255 P.2d at 93.

However, the state concedes that on the evidence in this case a finding of abandonment could not reasonably be made and joins Mrs. Doe in asking us to so rule. The state thereafter plans, by a new petition, to seek custody on the basis of Mrs. Doe's inability to care for the child, for which there is substantial evidence.

The matter is therefore remanded to the probate court for consideration of the state's new petition for custody to be filed with the probate court within sixty days.

*Remanded.*

All concurred.