Board of Taxation
No. 7678

HELEN TURETSKY

v.

TOWN OF GILSUM

January 23, 1978

*New Hampshire Legal Assistance,* of Concord (*Micki Stiller* orally), for the plaintiff.

*Michael P. Bentley,* by brief and orally, for the defendant.

DOUGLAS, J. This is an appeal from a property tax abatement order of the New Hampshire Board of Taxation. RSA 76:16-a V (Supp. 1975). We affirm the order.

The plaintiff, Mrs. Helen Turetsky, is a sixty-seven-year-old woman who owns property in the town of Gilsum. Her principal source of income consists of monthly social security benefits. Through her daughter, she initiated this action, appealing the refusal of the Gilsum selectmen to abate her property taxes for 1974. RSA 76:16-a I (Supp. 1975). The board of taxation refused to order an abatement after a hearing in September 1975. After a

rehearing of Mrs. Turetsky's application on December 30, 1975, the board adjudged the plaintiff to be insane within the provisions of RSA 75:6 and that her income was insufficient to support her. The matter was remanded to the Gilsum selectmen with instructions that they exercise their discretion under RSA 75:6 to "make such deductions from the appraised value of the property of insane persons as they shall think just and reasonable, whenever it shall appear that the income of their estates is not sufficient to support them." The board expressly ordered that this discretion be exercised with respect to tax years 1973, 1974 and 1975.

In January 1976, the Gilsum selectmen denied abatement, after which both parties obtained counsel. Various correspondence was exchanged between the board of taxation and the counsel for both parties, culminating in another hearing before the board in September 1976. Throughout these proceedings, the town of Gilsum contended that the board could not order abatements for the 1973 and 1975 tax years because Mrs. Turetsky had not challenged the assessments within the time limitation specified in RSA 76:16-a I (Supp. 1975). The board reaffirmed its prior adjudication of insanity. Despite the plaintiff's failure to timely contest the 1973 and 1975 assessments, the board concluded that the appeals for those years were properly before it because the plaintiff's insanity tolled the six-months limitation of the statute. "At what point Mrs. Turetsky would be precluded from appeal because of passage of time is a question we need not answer now and so we pass it. It is enough for us now that Mrs. Turetsky was incapable of handling her business affairs, that a statute of limitations is meaningless to her . . . ." It ordered abatement of her 1973 taxes to the amount actually paid and total abatement of her 1974 and 1975 taxes. The town appeals that part of the order dealing with the taxes for 1973 and 1975.

 Our review of the board's actions is limited to questions of law. *Dartmouth Corp. of Alpha Delta v. Hanover*, 115 N.H. 26, 332 A.2d 390 (1975); RSA 76:16-a V (Supp. 1975). Consequently, the town does not challenge the board's finding of insanity for any of the years in question. Rather it contends that when no appeal from a tax assessment is taken within the six-month statutory period, the right to pursue that appeal is lost. Our cases treat the time limitation in RSA 76:16-a I as one "in the nature of a statute of limitation." *Sisters of Mercy v. Hooksett*, 93 N.H. 301, 314, 42 A.2d 222, 230 (1945); *accord, Arlington Am. Sample Book Co. v.*

*Board of Taxation,* 116 N.H. 575, 576, 364 A.2d 878, 879 (1976). Thus the right to appeal is lost under the principles of limitation of actions when the proper forms are not timely filed, whether through accident, mistake, or misfortune, *Arlington Am. Sample Book Co. v. Board of Taxation supra,* or by reason of negotiations with the selectmen, *Missionaries of LaSallette Corp. v. Town of Enfield,* 116 N.H. 274, 356 A.2d 667 (1976), or through an attorney's negligence, *Paras v. City of Portsmouth,* 115 N.H. 63, 335 A.2d 304 (1975).

■■ In treating RSA 76:16-a I (Supp. 1975) as a statute of limitations, we recognize the principle, codified in most jurisdictions, that insanity tolls the running of a statute of limitations until a certain time after the disability is removed. *Chagnon v. Insurance Co.,* 96 N.H. 256, 259, 75 A.2d 167, 169 (1950); *Little v. Downing,* 37 N.H. 355, 368 (1859) (dictum); *cf. Bean v. Insurance Co.,* 88 N.H. 416, 190 A. 131 (1937) (insanity excuses statutory requirement of notice under a fire insurance policy). We believe that this tolling principle should be applied to RSA 76:16-a I (Supp. 1975). Otherwise, only those insane persons with guardians or those who recover their mental competence within a brief time could appeal from an assessment. Such would severely undermine the legislature's intent, evinced in RSA 75:6, to provide tax relief to the insane. Hence, because the plaintiff was insane during those years under consideration and at the time her daughter sought the abatement, the board acted within its discretion in ordering abatements for each of the three years.

*Affirmed.*

LAMPRON, J., did not participate in the decision of this case; the others concurred.