### BOYCE v. CHESHIRE RAILROAD.

A verdict will not be set aside upon a point not raised at the trial, although it might properly have arisen on the evidence reported. All objections not stated at the trial will be considered as waived.

Upon the question, whether fire was communicated to a building by sparks from particular locomotive engines running upon a railroad at a particular time, evidence that sparks were thrown from other engines running upon the same road on other occasions, will be competent, if it be conceded that those other engines were of the same construction, used in the same manner and in the same state of repair.

Whether the same evidence would not be equally competent if those other engines which threw sparks on other occasions, were proved to have been of the same construction, used in the same manner and in the same state of repair ; *quære ?*

In CASE, the declaration set forth, that on the 3d day of September, 1858, the defendants owned a railroad passing through Troy, and used upon it steam locomotive engines, the plaintiff owned a barn and other buildings and property, situated in said Troy near said railroad ; and the said defendants so conducted their business, that the plaintiff's said barn, &c., was set fire to, and consumed by fire from their locomotive engines, to his damage, &c.

There was evidence tending to show, that one of the defendants' freight trains, drawn by one engine, assisted up an ascending grade by another engine behind the train, passed along the road near said barn, and the latter engine not long after returned upon the road, and shortly afterward the plaintiff's barn was discovered to be on fire, and the barn and other property was wholly destroyed. The evidence tended to show that these engines were examined on the day after the fire, and were found to be in good repair.

The evidence tended to show that all the engines used upon the road were substantially alike in their construction, so far as the risk from fire was concerned ; that they were used in the same way, and that they were kept in like good condition and repair, and that they were frequently examined to discover any defects, but that from wear or accident, defects were sometimes found.

The plaintiff offered the testimony of witnesses, to show that engines used upon the road scattered fire ; but as to the condition, or state of repair of those engines, no other evidence was offered than that above stated.

Objection was made by the defendants, that no evidence was admissible, as to the effect of any other engine, except those in

question here, unless it is shown to be in the same condition; and that no evidence is admissible in relation to any other engine than those here in question; but the court admitted the evidence, and the defendant excepted.

The verdict was in favor of the plaintiff, and the defendants moved that it might be set aside by reason of said exception; and the questions arising in the case were reserved.

*Wheeler & Faulkner,* for the defendants.

*Cushing,* for the plaintiff.

SARGENT, J.   Two formal exceptions only are here taken; one is "that no evidence is admissible in relation to any other engine than those here in question," and the other, "that no evidence is admissible as to the effect of any other engine except those in question here, unless it is shown to be in the same condition." It is here only necessary to consider the grounds upon which those two exceptions are found, because if other objections had been made they might have been obviated, or they might have been yielded to, and the testimony offered might not have been put in. What objections there might have been to the evidence as introduced, will not now be considered, but only such as were stated at the time of the trial. All objections not thus stated will be considered as waived. *Currier* v. *Boston & Maine Railroad,* 34 N. H. 508. "A verdict will not be set aside upon a point not raised on the trial, although it may properly arise upon the evidence reported." *State* v. *Rye,* 35 N. H. 368.

The first exception as taken above is not well taken. It is in fact overruled by the former opinion in this case (42 N. H. 97), where it is held that evidence would be competent in relation to other engines " conceded to have been of the same construction, to have been used in the same manner, and in similar state of repair." Now there can be no doubt that evidence of the kind there stated would be competent, but whether the evidence is to be thus limited and confined to such engines as are conceded to be similar, &c., or whether other engines might not be proved by direct testimony to be so, for the same purpose, is more doubtful. That question was not raised in the case formerly transferred, and therefore what ever may have been said *obiter* in that opinion on that point can not be considered as conclusive upon that question should the point ever be directly raised.

In that case as reported (42 N. H. 97), the evidence failed entirely, as it would seem from the case, to show any similarity between the engines in question and the others used upon the road, in regard to their liability to scatter fire. Nothing is shown as to their being of similar construction, or as to whether the bonnets upon the smoke stacks were similar or otherwise. The evidence there stated only tended to show that they were all kept in good repair, but notwithstanding that fact, they may have been so differently constructed originally that one might have thrown fire constantly and the other .

not at all.   The evidence therefore in regard to the other engines throwing fire was not rendered competent, and upon this ground the former verdict was set aside.   No question then arose as to whether the other engines must be conceded to be similar to those in question, or whether they might be proved to be so.   But that question is not raised in the present case any more than it was in the former one.

The second exception that evidence was not admissible as to the effect of any other engine except those in question here, "unless it is shown to be in the same condition," does not meet or exclude the testimony here introduced, because this testimony tends directly to show that the other engines were in the same condition.   If the objection had been taken that no evidence should be introduced in relation to other engines throwing fire unless they were conceded to be similar, &c., to those in question, it is impossible now to tell what the ruling of the court might have been, or whether the plaintiff would have introduced the testimony against such objection. But no such objection was made at either hearing, and it must now be held to have been waived.   The exceptions must be overruled.

*Judgment on the verdict.*