Rockingham,
No. 6003.

RICHARD D. FORTINO

*v.*

JOY B. TIMKO *& a.*

March 31, 1970.

*Scammon, Gage & Whitman* ( *Mr. Robert G. Whitman* orally ), for the plaintiff.

*Sanders & McDermott* ( *Mr. Edward J. McDermott* orally ), for the defendant.

GRIMES, J.  This is an appeal from the decision of the Probate Court granting the petition of the defendant Robert G. Timko to which the defendant Joy B. Timko consented, for adoption of the two children, under the age of fourteen, of the plaintiff and his former wife, the defendant Joy. The plaintiff had not given his consent and the only question on appeal was whether he had abandoned the children. RSA 461:3. The Superior Court referred the matter to a Master ( *Leonard C. Hardwick* ) who, being unable to find that plaintiff had abandoned the children, recommended that the petition be dismissed for lack of jurisdiction.

Prior to the hearing before the Master, the parties agreed to submit the matter of abandonment to him on the transcript of testimony in the Probate Court. In making his finding, the Master applied the test laid down in *Wallace* v. *Lougee,* 107 N. H. 251, 221, A.2d 780, which is that "[A]bandonment exists when the parent's conduct evidences a settled purpose to forego all parental duties and relinquish all parental claims to the child . . . ." The Superior Court ( *Grant,* J. ) approved the recommendation of the

Master and made an order in accordance with it. The defendants' motion to set aside the Master's findings and the order made in accordance with the report was denied by *Johnson,* J. who transferred the defendants' exceptions here.

The question of abandonment is one of fact for the Master. *Wallace* v. *Lougee, supra.* It would serve no useful purpose to extensively review the evidence here. It is sufficient to say that, although there was evidence of a failure to fully comply with a court order for support, a failure to remember the children with gifts except on a few occasions, and a failure to visit and communicate, there was also evidence of extenuating circumstances and of an attitude and actions by the mother to discourage a parental relationship between the plaintiff and his children. This evidence did not compel a finding of abandonment and the Master's failure to find abandonment was proper.

Defendants argue that, since the Master considered only the transcript of testimony before the Probate Court and did not see the witnesses, this court is in as good a position as the Master to decide the issue of abandonment and they urge us to do so on the transcript without regard to the findings of the Master. The matter was heard de novo in the Superior Court ( *Fellows* v. *Normandin,* 96 N. H. 260, 263, 74 A.2d 548, 550 ) and the parties agreed that the matter be submitted to the Master for his findings based on the transcript of testimony before the Probate Court. The benefit of seeing and hearing the witnesses as a basis for determining credibility was therefore waived by both parties before the Master. In all other respects, however, the Master was to make his findings as though the witnesses had appeared before him.

Since the record does not disclose that the Master's finding was erroneous as a matter of law, it is binding on this court. *Wallace* v. *Lougee, supra; Brown* v. *Teel,* 108 N. H. 365, 236 A.2d 699.

*Defendants' exceptions overruled.*

All concurred.