Rockingham County Probate Court
No. 82-514

*In re* MATTHEW G. AND CHRISTOPHER G.

December 30, 1983

*Sayer & Kellett*, of Salem (*H. Raymond Kellett, Jr.*, on the brief and orally), for the plaintiff, Susan E.

*Schiavoni, Cirome & Mooradian*, of Haverhill, Massachusetts (*Timothy J. Schiavoni* and *Alfred J. Cirome* on the brief, and *Mr. Schiavoni* orally), for the defendant, Wayne G.

SOUTER, J.   By petitions to the Court of Probate for Rockingham County, the plaintiff sought the termination under RSA chapter 170-C of the rights of the defendant, her former husband, as parent of their two minor children, Matthew G. and Christopher G. The Court (*Treat*, J.) denied the petitions in accordance with the report and recommendation of a Master (*Harry C. Lichman*, Esq.). On the plaintiff's appeal, we affirm the decree entered below.

The plaintiff has made two claims of error. She first argues that the master erred in receiving hearsay testimony. The only such testimony that she specifically identifies as objectionable was that of a caseworker from the department of health and welfare. The record, however, does not disclose any objection on grounds of hearsay to the testimony of that witness. Her attempt to raise the issue now is untimely. *Boyce v. Cheshire Railroad*, 43 N.H. 627 (1862).

The plaintiff's second claim is that the master committed error in finding that she had failed to prove beyond a reasonable doubt that her former husband had abandoned the children. Her counsel argued orally that, on the evidence before him, the master was required as a matter of law to find that the plaintiff had proven

abandonment. The plaintiff claims that the master's error resulted from his failure to consider the best interests of the children for the purpose of determining whether the defendant had abandoned them.

An understanding of the structure of RSA chapter 170-C is necessary to evaluate this claim. Before a court may order the termination of a parent's rights, the statute requires proof of one of the conditions described in RSA 170-C:5, I–V (Supp. 1983) (as amended by Laws 1983, chapters 331 and 401). Such conditions may result from the parent's disability or from his wrongful act or omission. One such wrongful act is abandonment of the children. RSA 170-C:5, I (Supp. 1983).

■ While "abandonment" is not comprehensively defined in the statute, the statute does provide examples of factual situations giving rise to a presumption of abandonment. Failure of the parent to communicate with the child for six months is one such example. The examples make it clear that a determination of abandonment is essentially factual, just like determinations about the existence of the other statutory conditions.

■ The plaintiff's second claim of error assumes that the court should consider a conclusion about what is in a child's best interest when determining whether the child has been abandoned. This assumption is faulty for two reasons. First, the conclusion of what is in the child's best interest is not an evidentiary fact. Rather, the conclusion concerns which of the possible alternative dispositional orders is the most desirable, under a standard giving priority to the assumed interest of the child. Second, the conclusion has no logical tendency to prove that the parent in question abandoned the child.

■ On a petition to terminate parental rights, the court must consider whether it is in the child's best interest to terminate the rights of the parent in question, but only after a finding of abandonment, or one of the other statutory conditions for termination. At that point, of course, the court must resolve the issue of best interest and order termination only "when it is in the best interest of the child." RSA 170-C:1.

■ Nothing in the master's report is inconsistent with our construction of the requirements of the statute. We hold that the evidence supported the master's finding that the plaintiff had not met her burden of proving abandonment, and that the finding was not erroneous as a matter of law. We therefore affirm the decree.

*Affirmed.*

All concurred.