Strafford County Probate Court
No. 83-005

*In re* BILLY T.

February 29, 1984

*Cooper, Fauver & Deans*, of North Conway (*Randall F. Cooper* on the brief and orally), for the plaintiff.

*Bruce E. Friedman*, Franklin Pierce Family and Housing Law Clinic, of Concord, by brief and orally, for the defendant.

PER CURIAM. RSA 170-C:11, V (Supp. 1983) requires the probate court to release its decision on a petition to terminate parental rights no later than sixty days after the conclusion of the final hearing. The issue presented in this appeal is the validity of such a decision released 281 days after the final hearing. We affirm.

The New Hampshire Department of Welfare, the plaintiff, filed three petitions to terminate the parental rights of Billy T., the defendant, over Baby Boy T. RSA 170-C:4. The Strafford County Probate Court (*Cassavechia*, J.) held a hearing, which concluded on February 23, 1982. On April 29, 1982, the defendant moved to dismiss the petitions on the ground that the court had not issued its decision within the sixty-day limit prescribed by RSA 170-C:11, V (Supp. 1983). On December 1, 1982, the court issued its decree finding that Billy T. had abandoned the child, and terminating Billy T.'s parental rights. On December 14, 1982, the court clarified its decree, stating that the defendant's motion to dismiss was denied because the defendant had failed to allege or prove that, as of April 29, 1982, the delay had materially prejudiced him.

In *In re Robyn W.*, we held that "the language and legislative intent of RSA 170-C:11, V (Supp. 1983) mandate that a court issue a decision within sixty days after the final hearing" unless the delay is trifling. *In re Robyn W.*, 124 N.H. 377, 378, 469 A.2d 1351,

1353 (1983). In so holding, this court reaffirmed the traditional power of the legislature to impose reasonable procedural limitations on the exercise of substantive rights. *See also Hunter v. State*, 107 N.H. 365, 222 A.2d 214 (1966). *Compare State v. LaFrance*, 124 N.H. 171, 471 A.2d 340 (1983) (judiciary has authority to regulate conduct in the courtroom). In this case, we cannot say that a delay of 281 days was trifling. We held in *In re Robyn W.* that the mandate did not limit the court's jurisdiction, for such a construction would penalize the child. Instead, we held that the mandate must be enforced by this court in the exercise of its supervisory jurisdiction. We noted several courses of action that would be open to us to protect future litigants against a continuation of dilatory judicial conduct and to penalize a judge who has been guilty of it.

The particular judge of probate who presided and issued the order in our earlier case is the judge involved in this present one. The delay here occurred over much of the same time and was about as long as the delay in the earlier case. It is sufficient to note here that we are aware of steps taken before our decision in this case that should prevent any such delay in the future.

The defendant seeks further remedial action, however, in the form of an order remanding and reopening the case in the court of probate, to determine whether he has been prejudiced by the delay and whether changed conditions would now justify a different result. His requests rest, however, on a misconception of the probate court's determinations.

■ That court first concluded that prior to the filing of the petition the defendant had abandoned his child within the meaning of the statute. As we held in *In the Matter of Matthew G. and Christopher G.*, 124 N.H. 414, 469 A.2d 1365 (1983), the determination of abandonment is a factual one. It rests on evidence of the defendant's behavior before the petition was filed. It is therefore apparent that delay after the evidentiary hearing has no tendency to prejudice the defendant's position on this factual issue. It does not relate back to his ability to obtain and present relevant evidence at the hearing itself. And our review of the evidentiary record does not compel the conclusion that the delay affected the reliability of the judge's factual conclusions.

■ The only other issue on which the defendant could conceivably claim prejudice, or seek to demonstrate changed conditions, is that of determining whether an order of termination is in the child's best interest. *See In the Matter of Matthew G. and Christopher G. supra.* It is sufficient to say that the statute contemplates that this determination will be made at the same time as any finding of

abandonment. To allow that conclusion to be litigated again at a later time, compounding the existing delay in this case, would be antithetical to the interest of the child for the same reason that we have found it would prejudice the child to treat the statutory time limitations as jurisdictional. It would further put off the day when a seriously deprived child could begin to have a stable life with people who wish to adopt him. *See* RSA 170-C:1, :15.

We therefore find that no interest of the defendant would justify remanding the case for further consideration. The order below will therefore be affirmed.

*Affirmed.*