Department of Corrections
No. 88-386

## APPEAL OF BRUCE A. MADDOX a/k/a DENNIS R. COOKISH
### (New Hampshire Department of Corrections)

May 23, 1990

*Wiggin & Nourie*, of Manchester (*Edwin P. Gale* and *Daniel S. Bleck* on the brief, and *Mr. Gale* orally), for the plaintiff.

*John P. Arnold*, attorney general (*Ann F. Larney*, attorney, on the brief and orally), for the New Hampshire State Prison.

BATCHELDER, J.   The plaintiff appeals from a ruling by a New Hampshire Department of Corrections Claims Officer (*Andrea J. Goldberg*) awarding him $50 for damage sustained to his watch while it was in the possession of the New Hampshire State Prison authorities. We affirm.

On October 23, 1987, there was a disturbance at the prison. During the course of the disturbance, some of the prisoners set fires and threw various objects of personal and prison property from their windows. At the conclusion of the disturbance, the plaintiff, along with many other inmates, was moved from the medium south unit to an area known as the "old cell block." Each inmate so moved was subjected to a full body search and had all personal effects taken from him. These personal effects were placed in boxes that remained in the custody of the prison officials for several days. Among the personal effects taken from the plaintiff was a watch that was allegedly mishandled when it was tossed into the box.

When the plaintiff's property was returned to him, several items were alleged by him to be missing, including a pair of sunglasses, ten packs of cigarettes, twenty-two postage stamps, one pair of shower sandals, and a razor and blades. The plaintiff's watch, which was working on the night it was taken from him, no longer worked. The time and date on the watch indicated that the watch stopped running shortly before midnight on October 23, 1987, the night of the prison disturbance. The plaintiff attempted to reset the watch, but neither the day nor date functions worked. He then started it, but it only ran for about thirty seconds, and has not run since.

On October 27, 1987, the plaintiff filed a claim pursuant to RSA 541-B:9, V (Supp. 1989) in an attempt to recover the value of the missing and damaged property. Two months later, on December 30, 1987, he received a letter from the department of corrections (Department) stating that upon the completion of an investigation by the investigation unit of the State Prison a hearing would be scheduled. At the conclusion of the hearing, held June 1, 1988, the claims officer found: (1) there was no deprivation of the plaintiff's procedural due process rights as guaranteed by the State or Federal Constitution; (2) the State was liable for the damage sustained to the plaintiff's

watch; and (3) the plaintiff failed to meet his burden of proof as to the State's liability for the remaining articles of personal property allegedly lost during the disturbance. With regard to the damage sustained to the plaintiff's watch, the claims officer gave the parties twenty days to present evidence as to the amount of damages that should be awarded.

On September 8, 1988, the claims officer issued an order awarding $50 in damages for the inoperative watch. She found that the evidence offered by the plaintiff to support his claim for $175, which consisted of advertisements in a Treisman's catalogue showing a "Seiko Men's watch" that was allegedly similar, was not persuasive because he had failed to show any relationship in value between the two watches. In the absence of adequate proof of damages, the claims officer awarded the plaintiff nominal damages of $50 using the Department of Corrections' Manual of Guidance for Inmates (1986) as a reference.

On appeal, the plaintiff claims that his procedural due process rights were violated because the decision-maker was not impartial as required by part I, article 35 of the New Hampshire Constitution. He claims that the claims officer was biased because she was an employee of the Department, the agency against whom the claim was made. According to the plaintiff, bias can be inferred from her employer's direct financial interest in the outcome.

■■ Administrative officials that must serve in an adjudicatory capacity are presumed to be of conscience and capable of reaching a just and fair result. *Appeal of Beyer*, 122 N.H. 934, 941, 453 A.2d 834, 838 (1982). The burden is upon the party alleging bias to present sufficient evidence to rebut this presumption. *Id*. at 940, 453 A.2d at 838. Here, the plaintiff has failed to meet his burden. He has alleged bias based solely upon the relationship between the claims officer and her employer. There was no evidence presented showing how the claims officer, or her employer, would benefit from a ruling against the plaintiff. Awards for claims made pursuant to RSA 541-B:9, V (Supp. 1989) are paid by the State Treasurer and do not come from, nor do they adversely affect, the Department's operating budget.

■■ The plaintiff argues that RSA chapter 541-B (Supp. 1989) sets forth procedural requirements that must be followed by the Department. In particular, he argues that claims made under RSA 541-B:9, V (Supp. 1989) must be heard by a five-member board of claims. We disagree. RSA 541-B:9, V (Supp. 1989) provides that the Department shall have exclusive jurisdiction over claims made against the

State Prison when the amount involved is less than $500. Pursuant to RSA 541-B:9, V, the Department may establish procedural guidelines that control how the claims shall be handled. Inherent in the power to establish procedural guidelines is the right to establish the number of decision-makers that will hear the claims. Nothing in RSA chapter 541-B (Supp. 1989), the New Hampshire Constitution, or the Federal Constitution requires the Department to establish a multi-member board similar to the board of claims. In fact, any such requirement would be contrary to one of the purposes behind the enactment of RSA 541-B:9, V (Supp. 1989); *i.e.*, to save the considerable time, effort, and expense associated with hearing such claims before a five-member body. *See Report of Joint Committee on Review of Agencies and Programs*, December 1986. (Report prepared pursuant to Sunset Act, RSA ch. 17-F (repealed 1987).)

The final procedural claim advanced by the plaintiff involves the length of time between the filing of his claim and the date of the hearing. The plaintiff argues that RSA 541-B:11 (Supp. 1989) requires his claim to be heard "no later than the next succeeding quarterly meeting of the board," and that since nearly eight months passed from the date of his claim to the date of the hearing, the State violated the procedural guarantees of RSA chapter 541-B (Supp. 1989). Even if we were to assume that RSA 541-B:11 (Supp. 1989) applied to claims made against the Department under RSA 541-B:9, V (Supp. 1989), the plaintiff would have the burden of showing that he was in fact prejudiced due to the delay. *Cf. In re Billy T.*, 124 N.H. 576, 578, 474 A.2d 1010, 1012 (1984). Since there was no such showing by the plaintiff, we find no merit to his claim.

With regard to the $50 in damages awarded to the plaintiff, he claims that the claims officer erred in using the Department of Corrections' Manual of Guidance for Inmates (1986) to arrive at the award. We disagree. The plaintiff had the burden of proof as to the damages sustained to his watch. The evidence presented by the plaintiff bore no relationship in fact to the issue of damages. The fact that a watch's appearance is similar to another does not establish that the two are of equal value. The plaintiff was given twenty days to produce evidence of value. During this time, the plaintiff had ample opportunity, among other things, to send the watch to a competent jeweler to establish the cost of repair or replacement. Without such competent evidence, the claims officer relied on the measure of value presented by the State. The fact the claims officer relied on the Department of Corrections' Manual of Guidance for Inmates (1986)

did not in any way act as a limitation on the award made to the plaintiff. Whether such a limitation is legally enforceable is not before us in this case.

■■ As to the claims for the remaining personal property allegedly lost by the plaintiff during the disturbance, the claims officer found that the plaintiff had not met his burden of proving prior ownership and the ultimate loss. All administrative findings of fact are deemed *prima facie* lawful and reasonable. RSA 541:13. In order to rebut this presumption the plaintiff must present evidence showing that the agency's findings are "unlawful, unjust or unreasonable." *Appeal of Vicon Recovery Systems, Inc.*, 130 N.H. 801, 805, 547 A.2d 301, 305 (1988) (quoting *Appeal of Dep't of Safety*, 123 N.H. 284, 285, 461 A.2d 98, 99 (1983)). The plaintiff has failed to meet this burden; accordingly, we find no error on the part of the claims officer.

*Affirmed.*

All concurred.