Sullivan County Probate Court
No. 90-322

*In re* SARA S.

August 2, 1991

*John P. Arnold,* attorney general (*Charles T. Putnam,* assistant attorney general, on the brief and orally), for the State.

*Elliot & Jasper,* of Newport (*Bruce R. Jasper* on the brief and orally), for the defendant.

*Randall L. Pease,* by brief and orally, as guardian ad litem.

BROCK, C.J.  This is an appeal from a decree of the Sullivan County Probate Court (*Spanos,* J.) granting the division for children and youth services' (D.C.Y.S.) petition to terminate the parental rights of the defendant, Gwendolyn S., over her minor daughter,

Sara S. The defendant contends on appeal that she did not abandon her daughter so as to justify termination of her parental rights. For the following reasons, we affirm.

In January 1983, in Hanover, Sara S. was born to the defendant, who at the time was a mental health patient at Mary Hitchcock Hospital. The child was placed in the temporary custody of D.C.Y.S. by order of the Hanover District Court in February 1983, finding that she was a neglected child, *see* RSA 169-C:3, and was placed with a foster family in March 1983, with which she has resided since that time. The child was placed with the family in a town nearby the one in which the defendant was residing, in order to make visitation more convenient. Approximately four months after the child's birth, the defendant moved to New York and thereafter to Connecticut.

The D.C.Y.S. attempted to reunite the child and the defendant, who was residing in New York, but the efforts were unsuccessful because the defendant failed to supply necessary information about her ability to provide for the child. In response to an order of the Hanover District Court in September 1988, the D.C.Y.S. filed a petition with the Sullivan County Probate Court seeking to terminate the defendant's parental rights, alleging abandonment.

The evidence presented to the court showed that during the period between April 1987 and May 1988, the defendant had made three visits to see her daughter. After the petition was filed, the defendant visited her daughter four or five times between January and November 1989, when D.C.Y.S. canceled a visit scheduled for November 13th. D.C.Y.S. canceled the visit in response to the recommendation of Sara S.'s treating therapist that it was in the child's best interest to discontinue visitation with the defendant. Throughout 1989, and until April 1990, the defendant sporadically telephoned her daughter and sent a few letters, cards, and small gifts. The defendant provided no financial support for the child.

After a hearing on the merits, at which the defendant failed to appear, the probate court concluded in its order terminating parental rights that it was proven beyond a reasonable doubt pursuant to RSA 170-C:5, I, that the defendant had abandoned her child on the basis that she has made minimal efforts to support or communicate with the child.

The defendant admits that RSA 170-C:5, I, creates a presumption of abandonment if the court determines, beyond a reasonable doubt, that the parent has made minimal efforts to support or communicate with the child. She argues, however, that the evidence upon which the probate court based its decision does not support such a finding.

She claims that the child was involuntarily taken away at birth. She asserts that although she lived so far away from the child and had limited financial resources, she continually made an effort to keep in contact by telephone and through the sending of letters, cards, and gifts. She relies upon the cases of *In re Jessica B.*, 121 N.H. 291, 429 A.2d 320 (1981) (no contact for a period of two years found to establish abandonment), *cert. denied*, 452 U.S. 964 (1981), and *In re Diana P.*, 120 N.H. 791, 424 A.2d 178 (1980) ("flicker of interest" is not sufficient to bar a finding of abandonment) in contending that her contact with her child was not so minimal as to justify a finding of abandonment. She also relies upon *Fortino v. Timko*, 110 N.H. 200, 263 A.2d 663 (1970) to support her assertion that the court must be convinced that the "'parent's conduct evidences a settled purpose to forego all parental duties and relinquish all parental claims to the child . . . .'" *Id.* at 200, 263 A.2d 664 (quoting *Wallace v. Lougee*, 107 N.H. 251, 254, 221 A.2d 780, 783 (1966)).

RSA 170-C:5, I, provides that a petition for termination of parental rights may be granted when the court finds:

"The parent has abandoned the child. It shall be presumed that the parent intends to abandon the child who has been left by his parent without provision for his identification or who has been left by his parent in the care and custody of another without any provision for his support, or without communication from such parent for six months. *If in the opinion of the court the evidence indicates that such parent has made only minimal efforts to support or communicate with the child, the court may declare the child to be abandoned.*"

(Emphasis added.) The D.C.Y.S. has the burden of proving abandonment beyond a reasonable doubt. *In re Lisa H.*, 134 N.H. —, —, 589 A.2d 1004, 1006 (citing *In Re Jessica B.*, *supra* at 294, 429 A.2d at 322). "[A] determination of abandonment is essentially factual." *In re Matthew G.*, 124 N.H. 414, 416, 469 A.2d 1365, 1366 (1983). "The determination of fact constituting abandonment rests squarely within the province of the probate court," *In the Matter of Doe*, 118 N.H. 226, 229, 385 A.2d 221, 223 (1978), and we will not overturn its decree "unless it is unsupported by the evidence or plainly erroneous as a matter of law." *In re Lisa H. supra; see* RSA 567-A:4 (Supp. 1990). "A parent abandons his child when his conduct 'evidences a settled purpose to forego all parental duties and relinquish all parental claims to the child.'" *In re Jessica B., supra* at 295, 429 A.2d at

323 (quoting *Fortino v. Timko, supra* at 200, 263 A.2d at 664). A court "may declare [a] child abandoned if it finds objectively that the parent has made 'only minimal efforts to support or communicate with the child.'" *In re Diana P., supra* at 799, 424 A.2d at 183 (quoting RSA 170-C:5, I). "'Abandonment is not. . . "an ambulatory thing, the legal effects of which a delinquent parent may dissipate at will by the expression of a desire for a return of the [ ] child."'" *In re Jessica B. supra* (quoting *Wallace v. Lougee supra*).

■ We note that, while the probate court has wide discretion under RSA 170-C:5, I, to determine whether a parent has abandoned a child by making only minimal efforts to support or communicate with that child, the following factors serve as guidance to the court in its determination. These factors include, but are not limited to, the frequency and quality of the communication between the parent and child, the emotional and financial support provided by the parent for the child, and whether the overall conduct of the parent evidences a willingness to take on responsibility and concern for the child's physical and emotional care and well-being. *See* 2 AM. JUR. 2d *Adoption* § 60, at 909–10 (1962).

The record reveals that during the period from April 1987, until the time of the filing of the petition in September 1988, the defendant visited the child three times, and during 1989, she visited just four or five times. These visits usually lasted only a few hours. There were no visits after August 1989. During 1989, the defendant sent the child four letters, several cards, and some small gifts. The letters were not such as to be readily understood by a child the age of Sara S. Over the course of 1989, and until 1990, the defendant made several telephone calls to the home of the foster family, but often these calls were made late at night after the child was asleep. At no time did the defendant provide financial support for the child.

The probate court's determination did not rest solely upon the number of visits and communications between the defendant and her daughter. In addition, the court evaluated the nature and quality of the defendant's efforts to support and communicate with the child. In reviewing the record before us, we find sufficient evidence to support the probate court's finding that the defendant's contacts with her daughter were so minimal as to constitute abandonment. The court found no justifiable reason for this minimal communication and determined that the flicker of interest by the defendant was an insufficient basis for sustaining parental rights. *See In re Diana P.*, 120 N.H. at 799, 424 A.2d at 183.

594

■ While the probate court also found that it is in the child's best interest to terminate parental rights, this finding was not challenged on appeal and, therefore, we need not consider it. We find sufficient evidence in the record to support the probate court's finding that the defendant abandoned Sara S. Accordingly, we affirm its decree.

*Affirmed.*

All concurred.