Compensation Appeals Board
No. 92-437

APPEAL OF HENRY MARTINO
(New Hampshire Department of Labor Compensation
Appeals Board)

June 30, 1994

*Ralph A. Barbagallo, Jr.*, of Salem, by brief and orally, for the petitioner.

*Devine & Nyquist*, of Manchester (*Lee C. Nyquist* and *Maureen Raiche Manning* on the brief, and *Mr. Nyquist* orally), for American Yeast.

HORTON, J.   The petitioner, Henry Martino, appeals from an adverse decision of the New Hampshire Department of Labor Compensation Appeals Board (the board) denying his claim for disability benefits. He argues that (1) the board's decision was not supported by competent medical evidence, and (2) the decision should be vacated because it was not issued within thirty days as required by RSA 281-A:43, I(b) (Supp. 1993). We affirm.

On July 9, 1990, the petitioner injured his back while making deliveries for his employer, American Yeast, when the rear door of his tractor-trailer fell on him. He was transported to the hospital by ambulance and, after X rays were taken, was diagnosed with cervical and lumbar sprains. The petitioner has since received regular chiropractic care from Dr. Brian Varga and was examined twice by an orthopedist, Dr. Howard P. Taylor. Both Drs. Varga and Taylor concluded that the petitioner could not resume his prior work. American Yeast, however, arranged for the petitioner to be examined by another orthopedist, Dr. Mordecai Berkowitz. After examining the petitioner and reviewing X rays, an MRI, and a CT scan report, Dr. Berkowitz diagnosed the petitioner as having pre-existing degenerative arthritic conditions and concluded that the sprains caused by the accident were "resolved." Further, Dr. Berkowitz noted that pre-ex-

isting conditions notwithstanding, he was unable to make any medical findings to support the petitioner's complaint of back pain. Finally, referring erroneously to the job description of light-truck driver instead of tractor-trailer driver, Dr. Berkowitz concluded that the petitioner was capable of carrying out his "regular work."

Following a June 1991 hearing, the department of labor terminated the petitioner's disability benefits, concluding that his disability was related to the pre-existing conditions, and not to "soft tissue" injuries caused by the accident. The petitioner appealed to the compensation appeals board for a *de novo* hearing and also applied for unemployment benefits. As part of his application for unemployment benefits, the petitioner was examined by Dr. Christopher Kirby, who echoed Drs. Varga and Taylor in concluding that the petitioner could not return to his prior occupation. The *de novo* hearing before the board was conducted on February 3, 1992; on June 23, 1992, the board rejected the claim for disability benefits.

The petitioner first argues that the decision of the board should be reversed because it was not supported by competent medical evidence. We disagree.

■■ The claimant in a workers' compensation disability case must show, at minimum, a current work-related disability. RSA 281-A:28, :28-a, :31, :31-a (Supp. 1993); *City of Rochester v. Smith*, 119 N.H. 495, 496–97, 403 A.2d 421, 422 (1979). The board's findings with respect to the existence, extent, and cause of disability are all findings of fact that we will not disturb if supported by competent evidence in the record. RSA 541:13 (1974); *Appeal of Lambrou*, 136 N.H. 18, 20, 609 A.2d 754, 755 (1992).

■ We hold that Dr. Berkowitz's testimony constituted competent evidence from which the board could find, as it did, that the petitioner "failed to meet his burden of proof of a disability related to the work related injury." The petitioner insists that we should disregard Dr. Berkowitz's testimony because his conclusion that the petitioner was "capable of carrying out his regular work without restriction" was based on a review of the wrong job description. We acknowledge that this particular conclusion was rendered irrelevant due to Dr. Berkowitz's consideration of the job description of a light-truck driver instead of a tractor-trailer driver, but find that Dr. Berkowitz presented other relevant evidence of the absence of a connection between any disability asserted and the petitioner's work-related injury. The medical reports concerning the July 9, 1990, work-related injury submitted by Dr. Varga, under date of July 29, 1990, and by Dr. Taylor, under date of November 12, 1990, find dis-

ability related to contusions and sprains. Dr. Berkowitz, in his medical report of June 21, 1991, finds that these sprains are resolved. Further, Dr. Berkowitz questions the subjective complaints of pain, finding in his objective examination not only nothing to support the claims, but also performance features inconsistent with the claims. Dr. Berkowitz concluded that he was "unable to appreciate any specific clearcut objective findings to support the patient's ongoing subjective complaints of low back pain." We hold that the board could have found that the petitioner had not proven a work-related disability.

The petitioner next argues that the decision should be vacated because it was not issued in accordance with RSA 281-A:43, I(b), which requires the board to render its decision within thirty days of a hearing. We agree that RSA 281-A:43, I(b) is mandatory and not hortatory, but hold that its violation does not require dismissal of the board's untimely decision.

■ The statutory language is straightforward: "The board *shall* make its decision or order setting forth its findings of fact and rulings of law within 30 days of the hearing." RSA 281-A:43, I(b) (emphasis added). Where, as here, the legislature has selected the word "shall," we have generally held the statutory prescription to be mandatory. *See In re Robyn W.*, 124 N.H. 377, 379, 469 A.2d 1351, 1352 (1983); *In re Russell C.*, 120 N.H. 260, 264, 414 A.2d 934, 936 (1980). In this case, that statutory mandate was violated when the board mailed its decision eighty-six days after the hearing.

Although the thirty-day limit is mandatory, the legislature has not provided how that mandate is to be enforced; therefore, we must determine the appropriate mode of enforcement. *In re Robyn W.*, 124 N.H. at 380, 469 A.2d at 1353. Our inquiry in similar cases has generally focused on two factors: consideration of the statutory goals, *see Smith v. N.H. Bd. of Psychologists*, 138 N.H. 548, 551, 645 A.2d 651, — (1994); *In re Robyn W.*, 124 N.H. at 381, 469 A.2d at 1353; *In re Russell C.*, 120 N.H. at 266–68, 414 A.2d at 936–39, and consideration of whether the party seeking relief has shown prejudice as a result of the statutory violation, *see Smith*, 138 N.H. at 551, — A.2d at —; *Appeal of Maddox a/k/a Cookish*, 133 N.H. 180, 183, 575 A.2d 1, 3 (1990); *In re Billy T.*, 124 N.H. 576, 578, 474 A.2d 1010, 1012 (1984).

Where the legislature, out of liberty interest concerns, has mandated time limits for holding hearings, we have held that personal jurisdiction over a defendant is lost, absent waiver, if the case is not heard within the statutory period. *See Smith*, 138 N.H. at 551, 645 A.2d at —; *see also In re Russell C.*, 120 N.H. at 267–68, 414 A.2d at

938–39 (time limit for holding hearing in juvenile delinquency case). Where the legislature has prescribed time limits out of a general interest in hastening adjudicative dispositions for the benefit of all parties involved, however, we have been unwilling to treat the time limit as jurisdictional. *See, e.g., State ex rel. McLellan v. Cavanaugh*, 127 N.H. 33, 36, 498 A.2d 735, 737–38 (1985) (psychiatric report to be filed within ninety days in criminal case); *In re Robyn W.*, 124 N.H. at 381, 469 A.2d at 1353 (decision in parental rights termination proceeding to be made within sixty days).

Turning to the case at hand, we find nothing in the language or legislative history of RSA 281-A:43, I(b) to indicate it was designed to cure liberty interest concerns of claimants; instead, the legislative history suggests that the thirty-day time limit was simply intended to speed the resolution of workers' compensation cases for the benefit of all parties involved. *See* House Labor, Industrial and Rehabilitative Services Committee Hearing on HB 1409-FN Transcript at 14 (Jan. 4, 1990) (testimony of David Hampson, Chairman, Governor's Task Force on Workers' Compensation). The statute's purpose of speeding dispositions would be frustrated were we to interpret the time limitation as a jurisdictional requirement. Under that interpretation, we would have to vacate the board's decision and remand for a new hearing—hardly a hastening of final resolution.

Finally, where the legislature has failed to provide a method of enforcing a statutory mandate, we have looked to whether the party seeking relief has shown prejudice. *See Appeal of Maddox a/k/a Cookish*, 133 N.H. at 183, 575 A.2d at 3 (failure of corrections board to hold timely hearing regarding damage to prisoner's property did not require new hearing where prisoner showed no prejudice); *State v. Reynolds*, 131 N.H. 291, 295, 556 A.2d 298, 300 (1988). Our review of the record reveals no evidence of prejudice.

■ While we hold that the thirty-day time limit imposed by RSA 281-A:43, I(b) is not jurisdictional, we are not unmindful that the board failed to abide by the statutory mandate. We note that in such cases, an affected party may seek to enforce the time limit by petitioning the courts for relief. *See Rockhouse Mt. Property Owners Assoc. v. Town of Conway*, 127 N.H. 593, 602, 503 A.2d 1385, 1390–91 (1986). Thus, had the petitioner in this case truly been concerned by the board's delay, he could have sought a writ of mandamus. Since this decision has been rendered—albeit late—we hold that the statute affords no remedy.

*Affirmed.*

All concurred.