Hillsborough County Probate Court
No. 95-582

*In re* TARYN D. & a.

October 29, 1996

*Winer and Bennett*, of Nashua (*Charles L. Greenhalgh* on the brief and orally), for Elizabeth D.

*Welts and White, P.C.*, of Nashua (*Michael L. Laws* on the brief and orally), as guardian ad litem for Taryn D. and William D., Jr.

*Jeffrey R. Howard*, attorney general (*Suzanne M. Gorman*, attorney, on the brief), for the State, as *amicus curiae*.

## MEMORANDUM OPINION

BRODERICK, J. The Hillsborough County Probate Court (*Cloutier*, J.) terminated the parental rights of a noncustodial parent who defaulted by failing to both file an appearance and attend a final hearing. We vacate and remand.

On January 30, 1995, the petitioner, the mother of minor children Taryn D. and William D., Jr., filed petitions to terminate the parental rights of the children's father, William D., Sr., from whom she was divorced, on the grounds of abandonment pursuant to RSA 170-C:5, I (1994). Though properly served, William D., Sr., did not file an appearance in response to either petition. The probate court subsequently appointed a guardian ad litem to protect the interests of the children.

Following his investigation, the guardian ad litem submitted a written report to the probate court on April 3, 1995. He recommended the petition be denied because termination was not in the best interest of the children. *See* RSA 170-C:1 (1994). The probate court held a preliminary hearing on April 12, 1995. Though William D., Sr., was present, he did not file an appearance.

On June 9, 1995, the petitioner moved for summary judgment, arguing that her former husband had failed to appear and defend against the allegations of abandonment and, therefore, that she was entitled to termination as a matter of law. The court granted the motion on June 20, 1995. The guardian objected and moved for reconsideration, asserting that the petitioner had not established abandonment and that termination was not in the best interest of the children. In response, the court scheduled a final hearing for July 25, 1995. William D., Sr., received notice of the hearing but did not attend.

After considering the petitioner's response to the guardian's objection, the probate court issued a brief decree terminating William D., Sr.'s parental rights:

[William D., Sr.,] failed to appear. Counsel has spoken to [William D., Sr.,] and he has indicated that he does not wish to contest the petition. The court was informed that [William D., Sr.,] does not live far from the children, just a few minutes away. [William D., Sr.,] is defaulted.

The guardian ad litem appealed, and the State appeared as *amicus curiae* in support of the position of the guardian ad litem.

The dispositive issue on appeal is whether a probate court may lawfully terminate a defaulting party's parental rights without making specific factual findings that statutory grounds for termina-

tion were established and that termination is in the children's best interest. "We will not disturb the probate court's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law." *In re Sheena B.*, 139 N.H. 179, 181, 651 A.2d 7, 9 (1994) (citation omitted).

■   This court has recognized that parental rights are "'natural, essential, and inherent rights'" within the meaning of the State Constitution. *State v. Robert H.*, 118 N.H. 713, 715, 393 A.2d 1387, 1388 (1978) (quoting N.H. CONST. pt. I, art. 2). By law, "[b]efore a court may order the termination of a parent's rights, [RSA chapter 170-C] requires proof of one of the conditions described in RSA 170-C:5, I-V . . . . One such wrongful act is abandonment of the children." *In re Matthew G.*, 124 N.H. 414, 416, 469 A.2d 1365, 1366 (1983). The standard of proof required for termination is proof beyond a reasonable doubt. *Stanley D. v. Deborah D.*, 124 N.H. 138, 142, 464 A.2d 249, 251 (1983). Once the probate court has found the requisite proof of a statutory ground for termination of a party's parental rights, it must go on to "consider whether it is in the child's best interest to terminate the rights of the parent in question." *Matthew G.*, 124 N.H. at 416, 469 A.2d at 1366–67.

■■   If a parent charged with abandonment fails to respond to a termination petition and thereby defaults, the probate court may not avoid the statutory imperative that abandonment be established beyond a reasonable doubt. Similarly, the conclusion that a child's best interest is served by termination is not rendered unnecessary simply because a parent charged with abandonment fails to appear and defend. In the face of a default, the probate court still must conduct a hearing on the merits to determine whether the statutory commands are met. *See, e.g., In re Sara S.*, 134 N.H. 590, 593 A.2d 1166 (1991) (abandonment must still be proved beyond a reasonable doubt in cases in which respondent parent failed to appear at final hearing). If termination is ordered, the court is statutorily obligated to recite "the findings upon which [its] order is based." RSA 170-C:11, I (1994). Because the probate court's decree is statutorily deficient, it is vacated, and the case remanded for further proceedings consistent with this opinion.

*Vacated and remanded.*

All concurred.