Compensation Appeals Board
No. 97-479

APPEAL OF CONRAD CHAPMAN

(New Hampshire Compensation Appeals Board)

April 16, 1999

*Normand & Shaughnessy, P.A.*, of Manchester (*Brian C. Shaughnessy* on the brief and orally), for the petitioner.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Paul L. Salafia* and *Paul R. Kfoury, Jr.* on the brief, and *Donna M. Head* orally), for the respondents, New Hampshire Hospital and Helmsman Management Services.

JOHNSON, J. The petitioner, Conrad Chapman, appeals the decision of the New Hampshire Compensation Appeals Board (board) denying his claim for disability benefits because he was not at any time "disabled" by his work-related injury. *See* RSA 281-A:28, :28-a, :31, :31-a (Supp. 1998), :48 (Supp. 1998) (amended 1998). We reverse and remand.

The petitioner was employed for seven years as a security officer at respondent New Hampshire Hospital. In December 1994, the petitioner received a "notation of counseling" from a superior alleging that he had acted inappropriately with one of the hospital's patients. The petitioner became extremely distressed about being accused of inappropriate behavior and believed that the notation of counseling was issued in retaliation because he had earlier reported one of his superiors for sexual harassment. He testified that he believed he was being "set up" to be terminated. The petitioner further testified that in the weeks following the notation, he began to experience severe headaches, neck and shoulder pain, chronic diarrhea, and persistent stomach upset. In February 1995, he was admitted to a local hospital because he was coughing up blood. A week later, the petitioner's physician recommended that the petitioner not return to work "until his emotional/physical situation is resolved." The petitioner ceased working and filed for workers' compensation benefits through the hospital's insurance carrier. In March 1995, the hospital's insurance carrier denied his claim because he had presented no medical evidence that his stress was work-related. A hearing officer denied benefits, and while the petitioner's appeal to the board was pending, the hospital terminated his employment on November 15, 1995. After a hearing *de novo, see* RSA 281-A:43, I(b) (Supp. 1998), the board also denied benefits. The board held that although the petitioner had met his

burden of establishing that his stress and resulting physical problems arose out of and in the course of his employment, *see, e.g., Appeal of Newcomb*, 141 N.H. 664, 666-67, 690 A.2d 562, 564 (1997) (discussing petitioner's burden of proof), he had "not established [that] he was at any time disabled as [a] result of his 'stress' and resulting stomach problems." The petitioner's motion for rehearing was denied, *see* RSA 541:4 (1997), and this appeal followed, *see* RSA 281-A:43, I(c) (Supp. 1998); RSA 541:6 (1997).

> We will overturn the board's decision only for errors of law, or if we are satisfied by a clear preponderance of the evidence before us that the order is unjust or unreasonable. As long as competent evidence supports the board's decision, we will not reverse its determination even if other evidence would lead to a contrary result.

*Appeal of Hooker*, 142 N.H. 40, 47, 694 A.2d 984, 988 (1997) (quotations, citation, and brackets omitted); *see* RSA 541:13 (1997).

The petitioner contends that the board erred in denying his claim because the expert opinion relied on by the board in concluding that he was not disabled is silent on that issue. The board stated that it adopted the medical opinion of Dr. Albert Drukteinis, a licensed psychiatrist, as to the petitioner's disability. Dr. Drukteinis did not testify at the hearing, but his medical report was submitted for the board's consideration. Dr. Drukteinis diagnosed the petitioner as suffering from an adjustment disorder with mixed emotional features but concluded:

> In spite of Mr. Chapman's subjective symptoms, his diagnosis and emotional condition are relatively minor and self-limiting. They do not constitute a major mental illness or a persistent disabling condition. He has required no psychiatric treatment and does not feel that he needs it. He takes no regular anti-depressant or psychotropic medication. He believes he could return to New Hampshire Hospital if he was treated differently there. He also believes he could work elsewhere, except for the difficulty of finding a job at his age. His continued symptoms and claimed disability, in my opinion, are a reflection of his anger and the conflict between himself and his superiors rather than a disabling mental illness.

The petitioner argues that the board erred because no reasonable trier of fact could conclude, based on this evidence, that the

petitioner's "'stress' and resulting stomach problems" were never disabling. We agree.

■ "The claimant in a workers' compensation disability case must show, at minimum, a current work-related disability. The board's findings with respect to the existence, extent, and cause of disability are all findings of fact that we will not disturb if supported by competent evidence in the record." *Appeal of Martino*, 138 N.H. 612, 614, 644 A.2d 546, 547 (1994) (citations omitted). Because the determination of whether a claimant's injury is disabling requires specialized medical knowledge, the board members may not rely on their own lay opinions, but rather must make findings based on the opinion of a medical expert. *See Appeal of Kehoe*, 141 N.H. 412, 417, 686 A.2d 749, 753 (1996); *cf. Newcomb*, 141 N.H. at 667, 690 A.2d at 564; *Martino*, 138 N.H. at 614-15, 644 A.2d at 547.

■ The board improperly relied solely on Dr. Drukteinis' report to support its finding that the petitioner's adjustment disorder was not disabling because the doctor's report never concludes that the petitioner's injury did not render him unable to work. Dr. Drukteinis merely stated that the petitioner does not have a *"persistent* disabling condition." By using the term "persistent," the doctor's report indicates that the petitioner did not have a chronic or enduring disability. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1686 (unabridged ed. 1961). The doctor's statement, however, does not support a finding that the petitioner was never disabled. Accordingly, this statement does not support the board's conclusion that the petitioner was not at any time disabled.

Read in its entirety, Dr. Drukteinis' findings could have supported a conclusion that the petitioner has not carried his burden of proving causation, *see Appeal of Cote*, 139 N.H. 575, 578-79, 660 A.2d 1090, 1093 (1995) (discussing petitioner's burden to show medical and legal causation), as the doctor opined that "Mr. Chapman, because of his own personality traits and escalating behavior, has caused his own stress rather than the workplace being the source of it." The board, however, chose to adopt the positions of the petitioners' medical experts and specifically found that the petitioner proved causation.

Furthermore, we find that the testimony of the remaining medical experts does not support the board's finding that the petitioner was never disabled. Accordingly, we reverse the board's decision that the petitioner was never disabled by his workplace injury. "Because it is the board's role, and not ours, to weigh all relevant factors in the

first instance," *Appeal of Lalime*, 141 N.H. 534, 538, 687 A.2d 994, 997 (1996) (quotation omitted), we remand the case to the board for proceedings consistent with this opinion. *See Appeal of Jackson*, 142 N.H. 204, 206, 698 A.2d 1, 2 (1997); RSA 281-A:28, :28-a, :31, :31-a.

*Reversed and remanded.*

All concurred.