Hillsborough
No. 86-385

UNIFIRST CORPORATION

v.

CITY OF NASHUA

October 15, 1987

*Hamblett and Kerrigan P.A.*, of Nashua, and *Goodwin, Procter & Hoar* of Boston, Massachusetts (*Joseph M. Kerrigan & a.* on the brief, and *Mr. Kerrigan* orally), for the plaintiff.

*Steven A. Bolton* and *Judy T. Constantian,* Office of Corporation Counsel, City of Nashua (*Mr. Bolton* and *Ms. Constantian* on the brief, and *Mr. Bolton* orally), for the defendant.

THAYER, J. This case is an appeal by the defendant, the City of Nashua, from the Superior Court's (*Bean,* J.) order permanently enjoining the Nashua Board of Public Works (board) from interfering with the license of the plaintiff, UniFirst Corporation (UniFirst), to discharge wastewater from its facility into the city sewer system. We affirm.

The plaintiff is an industrial launderer located in Nashua and engaged in the cleaning and laundering of industrial textile products. On June 16, 1986, UniFirst received a written notice from the Nashua Board of Public Works that it was violating the city sewer use ordinance by discharging a toxic, solvent-type material into the city sewer system. UniFirst ascertained that the discharge was caused by laundering "wiper rag" in the early morning hours. On June 18, 1986, UniFirst attempted to alleviate the problem by rearranging its laundering schedule to reduce the early morning concentrations of discharge in its wastewater.

On June 19, 1986, UniFirst received a second letter from the public works division stating that samples of the wastewater taken two days earlier showed that UniFirst was still discharging unacceptable levels of solvent material into the sewer. Upon receipt of the letter, UniFirst immediately discontinued washing the wiper rag, and the problems with the toxic discharge ceased.

On July 23, 1986, the board issued an order revoking UniFirst's license to discharge wastewater into the city sewer system for a minimum of nine days beginning on July 30, 1986. Following a hearing held on July 9, 1986, the board found that UniFirst had discharged chemicals into the sewer from May 13, 1986, to June 19, 1986, and that UniFirst was in continuing violation of the reporting requirements of the city sewer use ordinance.

UniFirst filed a petition in the superior court on July 29, 1986, seeking temporary, preliminary and permanent injunctive relief from enforcement of the board's order. The Superior Court (*Goode,* J.) issued a temporary restraining order prohibiting the City of Nashua and the board from interfering with UniFirst's business operations and from preventing it from discharging wastewater into the sewer system.

On August 8, 1986, the Court (*Bean,* J.) held an in-chambers conference with the parties regarding UniFirst's petition for injunctive relief. The court consolidated UniFirst's requests for

temporary and permanent injunctive relief, SUPER. CT. R. 161(b)(2), and the parties were permitted to place on the record, in the form of offers of proof and arguments, facts and law applicable to the case. Neither party objected to the consolidated hearing procedure.

Upon consideration of the evidence presented during the conference on August 8, the court determined that UniFirst had ceased cleaning the wipers on July 19, 1986, after notification by the city. The court also found that on that same day, the problems with the discharge ceased. However, the city still sought to revoke UniFirst's license to discharge for ten days because UniFirst had failed to file reports regarding the discharge, as required by the ordinance. The city conceded that its purpose in seeking the license revocation was punitive. UniFirst made offers of proof, "acceptable to opposing counsel," that irreparable harm would result from denying the injunction, and that the public, the city, or its employees would not be harmed by the granting of the injunction. The court granted UniFirst's petition for an injunction and ordered UniFirst to provide the board with the discharge reports required by the ordinance. The plaintiff complied on August 14, 1986.

On appeal, the city contends that the superior court erred in its consideration of (1) the probability that UniFirst would succeed on the merits; (2) the public interest served in granting the injunction; (3) the significance of the threat of irreparable harm to UniFirst; and (4) the balance between this harm and the injury that granting an injunction would inflict on the City of Nashua. The city also objects to the court's exercise of authority to hear UniFirst's petition for injunctive relief and the format of the consolidated hearing below. The city contends that the court should have heard UniFirst's plea as a petition for certiorari, rather than as a petition for injunctive relief.

In answer to the city's last two contentions, we have previously stated that the superior court is empowered to grant injunctive relief where, as here, the plaintiff would otherwise suffer immediate irreparable harm. *See Shirley v. Commission*, 100 N.H. 294, 124 A.2d 189 (1956). Furthermore, counsel had the opportunity to object to the format of the consolidated hearing below. Because the defendant failed to object below, it waived its right to object on appeal. *See State v. Laliberte*, 124 N.H. 621, 474 A.2d 1025 (1984); *Fowler v. Taylor*, 99 N.H. 64, 65–66, 104 A.2d 746, 747 (1954).

An injunction will issue if there "is an immediate danger of irreparable harm to the party seeking injunctive relief, and there is no adequate remedy at law." *Murphy v. McQuade Realty, Inc.*, 122 N.H. 314, 316, 444 A.2d 530, 532 (1982); *see also Keep Thomson, Etc. v. Citizens for Gallen Com.*, 457 F. Supp. 957, 959 (D.N.H. 1978). Furthermore, "[t]he granting of an injunction . . . is a matter within the sound discretion of the Court exercised upon a consideration of all the circumstances of each case and controlled by established principles of equity." *Gauthier v. Robinson*, 122 N.H. 365, 368, 444 A.2d 564, 566 (1982) (quoting *Varney v. Fletcher*, 106 N.H. 464, 467–68, 213 A.2d 905, 908 (1965)). We will uphold the decision of the trial court with regard to the issuance of an injunction absent an error of law, abuse of discretion, or clearly erroneous findings of fact. *See Gauthier*, 122 N.H. at 369, 444 A.2d at 566; *Vittum v. N.H. Ins. Co.*, 117 N.H. 1, 3, 369 A.2d 184, 186 (1977); *Poisson v. Manchester*, 101 N.H. 72, 75, 133 A.2d 503, 505 (1957).

The trial court did not commit an error of law, abuse its discretion, or make any clearly erroneous findings of fact when it granted UniFirst's petition for an injunction. The court properly concluded, on the basis of evidence to which both parties agreed during the in-chambers conference, that UniFirst would likely succeed on the merits. UniFirst had terminated on June 19, 1986, the discharging activities of which the defendant complained. The discharge problem ceased that same day. In spite of UniFirst's compliance, the city sought another means by which to punish UniFirst for the alleged failure to file required discharge reports. The City of Nashua ordered revocation of UniFirst's license without giving UniFirst written notice or a reasonable opportunity to respond, although the ordinance requires that "[w]henever the discharge of pollutants . . . presents an imminent endangerment to the environment . . . the Director shall give notice in writing to the user . . . and allow[ ] a reasonable opportunity to respond." NASHUA, N.H., REVISED ORDINANCES, Title 6, ch. 7, subchapter 1, § 617(b)(c).

Furthermore, the court correctly determined that the granting of an injunction would assure that, in the public interest, the due process rights of UniFirst would be protected. The plaintiff had a property interest that was entitled to protection under the due process clause, *Appeal of Catholic Medical Center*, 128 N.H. 410, 416, 515 A.2d 1205, 1208–09 (1986), and the court's action prohibited the State from "depriv[ing] any person of . . . property,

without due process of law," U.S. CONST. amend. XIV § 1; *see* N.H. CONST. pt. I, art. 15.

Based on the evidence before it, the court also recognized the threat of irreparable harm that would result from the revocation of UniFirst's license without due process. The revocation would cause UniFirst to close down its plant for ten days, resulting in a significant loss of business and the lay-off of employees. The court balanced this harm against the agreed lack of harm to the public, the city and the city's employees, and concluded that the harm to UniFirst clearly outweighed the harm to the defendant.

 We do not find any error of law, abuse of discretion, or clearly erroneous findings of fact. Therefore, we affirm the granting of the injunction.

*Affirmed.*

All concurred.