Merrimack
No. 90-492

RICHARD AND RUTH STUART

v.

THE STATE OF NEW HAMPSHIRE,
DIVISION FOR CHILDREN AND YOUTH SERVICES

October 9, 1991

*Sulloway Hollis & Soden,* of Concord (*Warren C. Nighswander* on the brief and orally), for the plaintiffs.

*John P. Arnold,* attorney general (*David S. Peck,* senior assistant attorney general, on the brief and orally), for the State.

THAYER, J.   The plaintiffs appeal from an order of the Superior Court (*M. Flynn,* J.), denying their petition for declaratory judgment and injunctive relief. The sole issue on appeal is whether the division for children and youth services ("DCYS") must comply with statutory rulemaking procedures, prescribed by the New Hampshire Administrative Procedure Act ("APA"), before it can require applicants for foster care licenses, or persons seeking renewal of such licenses, to execute a declaration that neither they nor any other adult in their household are "homosexual[s] within the statutory definition," as a prerequisite to obtaining a license. We hold that it need not and, therefore, affirm.

The plaintiffs were granted a license on November 20, 1981, for the temporary care of up to two children of either sex from age six to eighteen years. This license was renewed in 1983. In 1986, the plaintiffs were licensed by DCYS to provide services as an "emergency foster family home" from March 21, 1986, until March 20, 1988. In early 1988, the plaintiffs were notified by DCYS that their license "to provide an emergency foster family home" was due to expire in March, and thereafter, steps were taken for renewal.

In 1987, the legislature amended RSA 161:2, IV to include a provision which states:

> "The department [of health and human services] shall not grant a license to any foster family home in which one or more of the adults is homosexual . . . . The division for children and youth services shall further carry out the intent of this section by adopting rules under RSA 541-A to ensure that a wholesome living environment is provided to the children."

Pursuant to this statute, DCYS amended its foster family application to include the following "sexual preference form":

> "The Division for Children and Youth Services is prohibited by RSA 161:2, IV from granting a license to any Foster Family Home in which one or more of the adults is homosexual.
>
> Homosexual, as defined by the statute, means 'any person who knowingly and voluntarily performs or submits to any

sexual act involving the sex organs of one person and the mouth or anus of another person of the same gender'; (RSA 161:2, IV as amended by the 1987 Regular Session)

Are you or is any adult in your household a homosexual within the statutory definition?

_____ No              _____ Yes"

Plaintiffs, who were sent the sexual preference form as part of the renewal process, declined to execute the form. Their reasons included that they considered it: an invasion of privacy; irrelevant to the determination of their fitness to be foster care providers; and unrealistic in its assumption that they could identify "homosexuals," as defined in the form, in their own household. DCYS notified the plaintiffs in writing on March 23, 1988, that "we cannot relicense without your signature on this form." On November 13, 1989, the plaintiffs sought declaratory and injunctive relief in the superior court, alleging that DCYS's requirement that they execute the "sexual preference form" as a prerequisite to renewal of their license was unlawful because the requirement had never been promulgated pursuant to the APA, as found in RSA chapter 541-A.

After a hearing, the trial court denied all the relief requested. The court ruled that DCYS has promulgated rules which require the completion of application forms, and that the statutory prohibition of RSA 161:2, IV is mandatory without rules. The court denied the plaintiffs' requested declaratory judgment that the requirement was improperly adopted and ruled that they were not entitled to injunctive relief because they failed to prove immediate irreparable harm. The plaintiffs filed a motion for reconsideration which was denied. This appeal followed.

The State contends that the plaintiffs lack standing and are therefore procedurally barred from raising any issues on appeal. We will assume, *arguendo*, that the plaintiffs have standing and reach the merits of their appeal.

We note at the outset that the issue before us on appeal is narrow, to wit, whether DCYS's requirement of execution of the "sexual preference form" as a prerequisite to the licensing of a foster family home constitutes enforcement by DCYS of a rule which has not been lawfully adopted pursuant to the APA. The plaintiffs do not challenge the constitutionality of RSA 161:2, IV, *see Opinion of the Justices*, 129 N.H. 290, 525 A.2d 1095 (1987), nor do they challenge the authority of DCYS to deny a license to a household in which an adult is a homosexual within the statutory definition.

■■  The plaintiffs argue that RSA 161:2, IV is not self-executing, and that the statute, in fact, directs DCYS to "carry out the intent of this section by adopting rules under RSA 541-A to ensure that a wholesome living environment is provided to the children." RSA 161:2, IV. The plaintiffs contend that DCYS is required, therefore, to adopt rules authorizing them to require applicants to self declare as to the sexual preferences of both themselves and any other adults in their household. We disagree. As the trial court states in its order, the statutory prohibition is mandatory without rules. RSA 161:2, IV unequivocally prohibits DCYS from granting a license to any foster family home in which one or more of the adults are homosexual. Promulgation of a rule pursuant to the APA rule-making procedures is not necessary to carry out the statute. DCYS is required by the statute to adopt rules to "*further* carry out the intent of this [provision]." RSA 161:2, IV. (Emphasis added.) We do not construe this language to require an initial rule to carry out what the statute demands on its face.

■  Furthermore, DCYS already has the authority to ask any question of an applicant for a foster care license, pursuant to properly promulgated rules set forth in the New Hampshire Code of Administrative Rules. New Hampshire Administrative Rule He-C 6446.03(a)(3) provides that "[p]rospective foster parents shall complete the DCYS application forms package . . . and supply additional information upon request." The application forms package is further defined as the "application cover sheet, application information, reference request, medical statement." *Id.* The application package must be completed prior to issuance of a license. *See* N.H. ADMIN. RULES He-C 6446.07(b)(2).

Accordingly, we affirm the decision of the trial court denying the plaintiffs' request for declaratory judgment.

*Affirmed.*

All concurred.