Merrimack
No. 91-065

ROBERT CUSHING, JR.

v.

JUDD GREGG & a.

July 19, 1993

*Robert Cushing, Jr.*, by brief and orally, *pro se.*

*John P. Arnold*, attorney general (*Harold T. Judd*, senior assistant attorney general, on the brief and orally), for the defendants.

*Pierre O. Caron*, of Manchester, on the intervenors' joint brief for Public Service Company of New Hampshire.

*Rath, Young, Pignatelli and Oyer, P.A.*, of Concord (*Paul Barbadoro* and *James M. Readey* on the intervenors' joint brief, and *Mr. Barbadoro* orally), and *Day, Berry and Howard*, of Hartford, Connecticut (*Richard Wasserman* on the intervenors' joint brief), for Northeast Utilities Service Company.

Intervenor EUA Power Corporation filed no brief.

HORTON, J. The plaintiff, Robert Cushing, Jr., one of six plaintiffs in the underlying case, argues that the Superior Court

(*McHugh* J.) erred in allowing the Industrial Development Authority (IDA) to issue certain industrial revenue bonds, and by not declaring certain administrative actions taken by the Governor, the Governor's Council, and the IDA, to be illegal, arbitrary or an abuse of discretion. The issuance of the bonds in question and the enactment of legislation subsequent to oral argument make the plaintiff's issues moot, and we dismiss the appeal.

The facts may be greatly simplified for the purposes of this opinion. This action was initiated in August 1990 by Robert Cushing, Jr. and five other plaintiffs, against former Governor Judd Gregg, the Governor's Council, and the IDA. The plaintiffs challenged the defendants' actions in authorizing the IDA to issue roughly $500,000,000 in industrial revenue bonds. The IDA planned to loan the proceeds of the bond issue to the bankrupt Public Service Company of New Hampshire (PSNH). The plaintiffs alleged that PSNH's purchaser, Northeast Utilities Service Company (NUSCO), intended illegally to use the bond proceeds to fund all or a portion of the acquisition of PSNH. Additionally, they alleged numerous substantive and procedural flaws in the bond approval process.

On October 15, 1990, the trial court declared the approval by the Governor and Council for the issuance of the bonds to be null and void. The trial court found that IDA's failure to follow the Administrative Procedures Act, RSA chapter 541-A, improperly excluded public input. Further, the trial court found that the Governor and Council failed to make special and general findings required under RSA chapter 162-I (1990) before approving the IDA sale of industrial development bonds.

Thereafter, the defendants repeated the application process, holding hearings and creating a comprehensive record pursuant to the provisions of RSA chapter 541-A (Supp. 1992). The Governor and Council made all special and general findings required by RSA 162-I:9 (1990). The superior court reviewed the record created by the second application process and on December 26, 1990, issued an order allowing the defendants to proceed with the bond sale. The IDA issued the bonds on May 16, 1991.

Cushing was the only plaintiff to appeal the superior court's order. Subsequent to oral argument, the legislature repealed the IDA enabling legislation, replacing the IDA with the Business Finance Authority (BFA). Laws 1992, ch. 262; RSA chapter 162-A (Supp. 1992).

On appeal, the plaintiff lists twenty-two issues for review by this court. When viewed as a whole, these multitudinous issues constitute five basic claims. The plaintiff contends that he has standing to chal-

lenge the defendants' decisions as they relate to PSNH and NUSCO, that the defendants acted improperly when they approved the issuance of the industrial revenue bonds, that the defendants' administrative procedures are controlled by the Administrative Procedures Act, that the IDA acted improperly when it denied a request by the plaintiff to adopt rules delineating procedures for incorporating public input into its decision making process, and that bond counsel worked for both the IDA and the utility companies, creating a conflict of interest.

Because the plaintiff's other claims are moot, we will assume, as did the trial court, that the plaintiff has standing for raising the issues we address. The plaintiff challenges the four remaining basic claims in one or both of two ways. First, he challenges the underlying merits and the specific procedures involved in the approval of the subject bonds. Second, he attacks the administrative procedures used for the approval of all industrial revenue bonds. He contends that the Administrative Procedures Act is applicable to the issuance of both the subject bonds and all bonds issued by the IDA. In addition, he maintains the IDA violated the Administrative Procedures Act by failing to promulgate appropriate rules concerning agency procedures and bond counsel conflict of interest.

We do not address the plaintiff's challenge to the defendants' issuance of the subject bonds. By order dated December 3, 1991, we ruled that these issues were moot and ordered them "removed from the scope of the appeal." Accordingly, they are not properly before this court. Cf. Appeal of Vicon Recovery Systems, Inc., 130 N.H. 801, 809, 547 A.2d 301, 307 (1988).

As for the remaining issues, this court has the discretion to rule on a case that has become moot when the questions raised involve a pressing public concern or are capable of repetition yet evade review. Royer v. State Dep't of Empl. Security, 118 N.H. 673, 675, 394 A.2d 828, 829 (1978). This is particularly true in cases involving violations of the Administrative Procedures Act. Cf. Stuart v. State, 134 N.H. 702, 704, 597 A.2d 1076, 1077 (1991) (standing assumed for purposes of RSA chapter 541-A violation in order to reach merits of appeal). This is not, however, the situation before us. The IDA no longer exists. Its practices, rules and procedures passed into history with the 1992 repealer. The BFA's enabling legislation squarely addresses the remaining issues: the enabling legislation partially exempts the BFA from the Administrative Procedures Act rulemaking mandates, RSA 162-A:25, VII (Supp. 1992); it eliminates any requirement that the BFA, or the Governor and Council, hold adjudica-

tive hearings concerning activities related to its enabling statute, RSA 162-A:19, IV (Supp. 1992); and it provides guidelines for bond counsel in its dealings with the BFA, RSA 162-A:26 (Supp. 1992).

Accordingly, the appeal is dismissed.

*Appeal dismissed.*

All concurred.