548

Merrimack
No. 92-729

ROLAND SPENCER SMITH, PSY.D. and WAYNE L. SMITH, PSY.D.

v.

NEW HAMPSHIRE BOARD OF EXAMINERS OF PSYCHOLOGISTS

June 10, 1994

*Harry Dean Sewall*, of Concord, and *Wright & Cherry*, of Henniker (*Mr. Sewall* and *Peter S. Wright, Jr.* on the brief, and *Mr. Wright* orally), for the plaintiffs.

*Jeffrey R. Howard*, attorney general (*Douglas N. Jones*, assistant attorney general, on the brief and orally), for the defendant.

BROCK, C.J.  The defendant, the New Hampshire Board of Examiners of Psychologists (the board), appeals an order of the Superior Court (*Manias*, J.) granting the plaintiffs' motion for summary judgment and permanent injunctive relief. Because we conclude that the trial court erred in granting the plaintiffs permanent injunctive relief, we reverse its order.

The plaintiffs, Roland Spencer Smith and Wayne L. Smith, are unrelated, practicing psychologists who share clinical offices in Concord. In September 1990, the board received a complaint (the initial complaint) against Roland Smith from a former patient. On November 5, the board forwarded a copy of the initial complaint to Roland Smith and asked for his comment; he replied on November 23. In December, the board received a complaint (the second complaint) against both Roland Smith and Wayne Smith from a different former patient of theirs. On January 7, 1991, both psychologists received notification of the second complaint and were asked to comment; Roland replied on January 24.

In both his November 23 and January 24 responses to the board, Roland Smith specifically declined to waive the statutory requirement that the board hold a disciplinary hearing within three months of his receipt of notice of a written complaint. *See* RSA 330-A:15 (1984) (repealed). We note that the three-month time limit was removed from the statutory authority for the board's conduct of disciplinary hearings, effective January 1, 1993. *See* RSA 330-A:15-b (Supp. 1993).

Thirteen months later, in February 1992, Roland Smith received notice of a prehearing conference regarding the initial complaint. In March, both Roland Smith and Wayne Smith received notice of a prehearing conference regarding the second complaint. The Superior Court (*Manias*, J.) granted Roland Smith's petition for injunc-

tive relief and issued a temporary restraining order prohibiting the board from conducting hearings arising out of the initial complaint. The Superior Court (*Sullivan*, J.) also granted Roland Smith's and Wayne Smith's petition for injunctive relief and issued a second temporary restraining order prohibiting the board from conducting hearings arising out of the second complaint.

On April 30, 1992, the two superior court proceedings were consolidated for hearing. All parties agreed to submit the questions of preliminary and permanent injunctive relief to the court in the form of cross motions for summary judgment. The Trial Court (*Manias*, J.) concluded that the board was without authority to initiate the scheduled disciplinary hearings due to the expiration of its rules, which had expired on May 31, 1990, *see* RSA 541-A:2, IV (Supp. 1993), and were not readopted until March 16, 1992. Further, the court ruled that the board was without jurisdiction to proceed with the disciplinary hearings, due to its failure to hold a hearing within three months of the plaintiffs' receipt of the board's notification of a written complaint and request for response. The court stated that the plaintiffs had "demonstrated that they will suffer irreparable harm if the [b]oard is allowed to proceed with the scheduled disciplinary hearings," and granted the plaintiffs' request for permanent injunctive relief.

On appeal, the board argues that the trial court erred: (1) by holding that the three-month time limit began to run when the board asked the psychologists to comment upon the complaints; (2) in holding that the three-month time limit was jurisdictional; (3) in holding that the expiration of the board's rules barred the board from commencing disciplinary proceedings for conduct which occurred prior to their expiration or which violated statutory provisions; and (4) by enjoining administrative adjudicatory hearings absent the plaintiffs establishing the factors necessary for equitable relief.

█ Whether to grant an injunction is within the trial court's sound discretion, exercised after consideration of all the circumstances and controlled by established principles of equity. *UniFirst Corp. v. City of Nashua*, 130 N.H. 11, 14, 533 A.2d 372, 374 (1987). We will uphold the issuance of an injunction absent an error of law, abuse of discretion, or clearly erroneous findings of fact. *Id.*

Former RSA 330-A:15 states in pertinent part: "A hearing shall be held on all written complaints received by the board within three months of the date notice of a complaint was received by the accused, unless otherwise agreed to by the parties." The trial court ruled that the three-month time limit was mandatory and was triggered by the

plaintiffs' receipt of the board's notification of a written complaint and request for response. Assuming *arguendo* that this was correct, we nevertheless disagree that the three-month time limit had jurisdictional effect and that failure to comply with it permanently barred the board from commencing disciplinary proceedings based upon the complaints.

■ We have held that a court's failure to comply with mandatory time limits for adjudicatory hearings in both juvenile delinquency and "child in need of services" proceedings required forfeiture of jurisdiction, unless waived by the juvenile. *In re Russell C.*, 120 N.H. 260, 268, 414 A.2d 934, 938 (1980); *see In re Robyn W.*, 124 N.H. 377, 380-81, 469 A.2d 1351, 1353 (1983). Grounding our holding on the juvenile's liberty interest and indicating that the juvenile could waive any jurisdictional defect, we referred there only to personal and not subject matter jurisdiction. *In re Doe*, 126 N.H. 719, 725, 495 A.2d 1293, 1298 (1985). Subject matter jurisdiction cannot be conferred by consent of the parties. *See id.*; R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 39, at 29 (1984 & Supp. 1993); 20 AM. JUR. 2d *Courts* § 139 (1965). A violation of the three-month time limit would not cause the board to lose subject matter jurisdiction over the disciplinary proceedings.

■ Since former RSA 330-A:15 did not provide a remedy for violation of the three-month time limit, we look to the statutory goals to determine if forfeiture of personal jurisdiction is the appropriate mode of enforcement. *In re Robyn W.*, 124 N.H. at 381, 469 A.2d at 1353. The primary purpose of RSA chapter 330-A is to assure high quality mental health care and to protect the public. *Petition of Grimm*, 138 N.H. 42, 50, 635 A.2d 456, 461 (1993); *see* RSA 330-A:1 (Supp. 1993). While the plaintiffs' interest in a speedy disposition of the proceedings would be vindicated if the board were to lose personal jurisdiction, the statute's primary purpose would be thwarted. *See State ex rel. McLellan v. Cavanaugh*, 127 N.H. 33, 36, 498 A.2d 735, 738 (1985); *In re Robyn W.*, 124 N.H. at 381, 469 A.2d at 1353. Accordingly, we reject that interpretation and hold that the board did not lose personal jurisdiction.

■ We conclude that the board retains full jurisdiction over the disciplinary hearings in this case. In order to warrant a dismissal of the complaints, the plaintiffs, at a minimum, have the burden of showing prejudice due to the delay of the scheduled hearings. *See Appeal of Maddox a/k/a Cookish*, 133 N.H. 180, 183, 575 A.2d 1, 3 (1990). The record, however, contains insufficient evidence of such prejudice.

The trial court stated that the "[b]oard's attempt to initiate disciplinary hearings under expired procedural rules, for . . . alleged violations of expired ethical principles" violated the intent of RSA 541-A:12. Accordingly, the court held that the board was without authority to initiate the disciplinary hearings. We disagree.

RSA 541-A:12, I (Supp. 1993) states in pertinent part:

> "No agency rule is valid or effective against any person or party, nor may it be invoked by the agency for any purpose, until it has been filed as required in this chapter."

Neither side disputes that the pertinent rules of the board lapsed between May 31, 1990, and March 16, 1992, due to the operation of the "sunset provisions" of RSA 541-A:2, IV. Even if the board violated the intent of RSA 541-A:12, I, by invoking the expired rules, that does not mean that the board was without authority to initiate the hearings. The plaintiffs concede that the board retained "skeletal" authority to conduct proceedings to discipline and license psychologists.

Authority for the board to initiate disciplinary proceedings and to hear allegations of misconduct is found in RSA 330-A:14 (1984 & Supp. 1993), which states in pertinent part:

> "I. The board may undertake disciplinary proceedings:
>
> (a) Upon its own initiative; or
>
> (b) Upon written complaint of any person which charges that a person certified by the board has committed misconduct under paragraph II and which specifies the grounds therefor.
>
> II. Misconduct sufficient to support disciplinary proceedings under this section shall include:
>
> . . . .
>
> (c) Any unprofessional conduct, or dishonorable conduct unworthy of, and affecting the practice of, the profession, including sexual misconduct as provided in RSA 330-A:24;
>
> (d) Unfitness or incompetency by reason of negligent habits or other causes; or negligent or willful acts performed in a manner inconsistent with the health or safety of persons under the care of the certificate holder."

Further, the board's authority to conduct the disciplinary hearings is found in RSA 330-A:15, I (1984 & Supp. 1992) (repealed effective Jan. 1, 1993), which states in pertinent part:

> "The board shall take no disciplinary action . . . without a hearing. At least 14 days prior to hearing, both parties to a

disciplinary proceeding shall be served . . . with a written copy of the complaint filed and notice of the time and place for hearing. All complaints shall be objectively received and fairly heard by the board. A hearing shall be held on all written complaints received by the board within 3 months of the date notice of a complaint was received by the accused, unless otherwise agreed to by the parties."

■ The board had clear statutory authority to initiate and conduct the disciplinary proceedings against the plaintiffs. *See* RSA 541-A:15, :16 (Supp. 1993); *Shargal v. N.H. Bd. of Psychologists*, 135 N.H. 242, 246, 604 A.2d 559, 562 (1992). Promulgation of a rule pursuant to RSA chapter 541-A is not necessary to carry out what a statute authorizes on its face. *Stuart v. State*, 134 N.H. 702, 705, 597 A.2d 1076, 1077-78 (1991). We hold that the board had authority to initiate the scheduled disciplinary hearings despite the expiration of its rules.

The plaintiffs argue further that the expiration of the board's rules, which adopted the ethical standards for psychologists of the American Psychological Association (the substantive rules), invalidated the allegations of misconduct against them. The plaintiffs claim that they could not know the standards by which their conduct was being judged because the allegations referenced the expired substantive rules. The parties concede that this argument applies only to alleged misconduct occurring after the board's substantive rules expired. The parties further concede that all of the misconduct alleged in the initial complaint, and some of the misconduct alleged in the second complaint, occurred before the substantive rules expired. Accordingly, the board may determine if those allegations violated the board's substantive rules.

■■ The board concedes that the substantive rules do not apply to alleged misconduct in the second complaint that occurred *after* the rules expired. The board argues, however, that it retains statutory authority to determine if the plaintiffs engaged in "unprofessional conduct" under RSA 330-A:14, II(c). We agree. Although the board's notice of hearing indicated that a violation of the substantive rules equated to "unprofessional conduct," those rules are not indispensable to a finding of unprofessional conduct. The forms which unprofessional conduct may take "are numerous and varied, making it virtually impossible to set forth all of the acts which come within the meaning of the phrase. We will not hold that due process requires that the board anticipate every conceivable type of misconduct in

which any of its licensees may indulge, and then fashion and announce a code to fit each act of misconduct." *Appeal of Plantier*, 126 N.H. 500, 513, 494 A.2d 270, 278 (1985)(quotation omitted). We need not decide if the conduct at issue falls within the scope of RSA 330-A:14, II(c). The expiration of the board's substantive rules, however, does not preclude the board from exercising its statutory authority to determine if the plaintiffs' conduct was "unprofessional conduct, or dishonorable conduct unworthy of, and affecting the practice of, the profession." RSA 330-A:14, II(c).

■ ■ The plaintiffs contend that the irreparable harm which they sought to enjoin and which the trial court did enjoin "was the very serious and significant due process violation which would have resulted if [they] were forced to defend against complaints lodged in excess of one [ ] year earlier, contrary to the very specific and unambiguous dictates of [RSA chapter] 330-A." The trial court's finding that the plaintiffs would suffer irreparable harm if the board were allowed to proceed with the disciplinary hearings was predicated on its erroneous finding that the board had no authority to initiate the hearings. We need not decide whether the holding of such hearings absent authority would constitute irreparable harm because we have determined that the board had the necessary authority. In light of that holding, the trial court's finding of irreparable harm cannot stand. Absent the immediate danger of irreparable harm, an injunction will not issue. *Cf. UniFirst Corp. v. City of Nashua*, 130 N.H. at 14, 533 A.2d at 374.

Accordingly, we reverse the trial court's order for permanent injunctive relief, and the board may proceed with the scheduled hearings in a manner consistent with this opinion.

*Reversed.*

All concurred.