Hillsborough-southern judicial district
No. 94-139

MICHAEL DUBE & a.

v.

TOWN OF HUDSON

August 14, 1995

136

*Bolton Law Offices, P.A.*, of Nashua (*Steven A. Bolton* on the brief and orally), for the plaintiffs.

*Donahue, McCaffrey, Tucker & Ciandella*, of Exeter (*John J. Ratigan* on the brief and orally), for the defendant.

*David M. Groff*, of Pelham, by brief and orally, for the intervenor, David A. Brooks.

BATCHELDER, J. The plaintiffs, Michael Dube, Raymond Dube, and Anita Dube, appeal the order of the Superior Court (*Hollman, J.*) affirming the decision of the Town of Hudson Zoning Board of Adjustment (ZBA). The ZBA reversed a decision of the Hudson Planning Board approving a site plan agreement for the plaintiffs' property. We affirm.

The plaintiffs' predecessor in title was granted a variance to permit on the property the sale of new or rebuilt heavy equipment and the performance of minor repairs incidental thereto. The variance required that the use be set back seventy-five feet from the front property line. When the plaintiffs were considering purchasing the property as a site for plaintiff Michael Dube's business, Auto Body Discount Center, Inc., the town's zoning administrator advised them in writing:

> [A]uto sales and repairs may be carried out at [the property]. Any expansion of the business must be approved of by the Hudson Planning Board. Additionally, your operation must meet the stipulations spelled out in the [earlier variance].

The plaintiffs purchased the property, which is located partially in the A-2 residential zone and partially in the D rural zone, in 1987.

In 1989, the town petitioned to enjoin the plaintiffs' use of the property. The parties reached a compromise whereby, in order to move a greater portion of their activities indoors, the plaintiffs

would seek site plan approval for two additional buildings from the Hudson Planning Board. The planning board approved the site development agreement, limiting the number of cars stored on the property to five hundred and requiring the plaintiffs to "comply with all subdivision, site review and zoning regulations."

On June 18, 1992, the intervenor, David A. Brooks, an abutter, appealed to the ZBA, raising the question "whether the uses specified in the site development agreement are permissible in the A-2 residential zone." The ZBA overturned the planning board's decision, "concluding that the Planning Board had changed the original variance, was allowing a junkyard, and was endangering wetlands." The plaintiffs appealed to the superior court, which affirmed the decision of the ZBA on the record submitted. This appeal followed.

■■ When construing zoning appeals, the superior court must treat all findings of the ZBA as *prima facie* lawful. RSA 677:6 (1986). "The order or decision appealed from shall not be set aside or vacated, except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that said order or decision is unreasonable." *Id.* We will not overturn the superior court's decision unless it is unsupported by the evidence or legally erroneous. *Belluscio v. Town of Westmoreland*, 139 N.H. 55, 56, 648 A.2d 211, 212 (1994).

The plaintiffs first argue that the trial court erred in ruling that the planning board had contravened the zoning ordinance by approving the site development agreement. They maintain that because the vast majority of the property is located in the D rural zone, where automobile sales and service is a permitted use, their use of the property does not violate the zoning ordinance. The trial court, however, was concerned with the plaintiffs' use of that portion of the property in the A-2 residential zone. It found that the site development agreement approved by the planning board clearly showed parking and vehicle display areas in the A-2 residential zone, a use prohibited by the zoning ordinance. Although the plaintiffs maintain that the superior court made a factual error in this determination, the site plan approved by the planning board supports the trial court's ruling.

In one of several arguments challenging the ZBA's scope of review, the plaintiffs maintain that only their proposed new buildings and not the use of the property for automobile sales and service was properly before the ZBA. To the contrary, the intervenor's appeal to the ZBA specifically questioned whether the uses specified in the site development agreement, which included the storage on

the property of up to five hundred cars to be used for parts, were permissible under the zoning ordinance. *See* RSA 676:5, III (Supp. 1994).

The plaintiffs also contend that the ZBA's review was limited to the narrow issue of whether the planning board made a wrongful interpretation of some provision of the zoning ordinance. The ZBA made just such a determination when it found that the plaintiffs were using the section of their property in the A-2 residential zone in a manner contrary to the zoning ordinance.

█ Raising a due process argument, the plaintiffs contend that the failure of the ZBA to limit the scope of its review was error. Because they failed to raise this argument both before the ZBA and on appeal to the superior court, however, it is not preserved for our review. *See Hansel v. City of Keene*, 138 N.H. 99, 105, 634 A.2d 1351, 1355 (1993).

█ The plaintiffs suggest that the site plan agreement's requirement that they comply with all zoning regulations demonstrates that the planning board ruled that implementation of the agreement would not violate any zoning regulation. They argue that this implicit ruling prohibits the ZBA from ruling otherwise. The ZBA, however, has explicit statutory authority to review the planning board's construction of the zoning ordinance. RSA 676:5, III.

We conclude that any remaining issues raised by the plaintiffs but not addressed in this opinion do not warrant discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

█ The trial court determined that the plaintiffs did not demonstrate "that the ZBA's decision to overturn the Planning Board was either unreasonable or unlawful." *See* RSA 677:6. We find no error in the trial court's ruling. Accordingly, we affirm.

*Affirmed.*

All concurred.