Trotzer v. NH Bd. of Examiners          CV-97-162-SD 06/18/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


James P. Trotzer, Ph.D.


       v.                              Civil No. 97-162-SD


N.H. Board of Examiners of
 Psychology and Mental Health
 Practice, et al


                        **O R D E R**


     This matter is before the court on the objection of

plaintiff James P. Trotzer, Ph.D., to a Report and Recommendation

(R & R) of the magistrate judge.  Document 13.  The R & R

advocated denial of plaintiff's request for preliminary

injunctive relief.  Document 12.  The court has conducted the

requisite de novo review of the R & R.  28 U.S.C. § 636(b)(1)(C);

Elmendorf Grafica, Inc. v. D.S. America (East), Inc., 48 F.3d 46,

49-50 (1st Cir. 1995).


1.  Background

     At relevant times, Trotzer was a psychologist certified by

the State of New Hampshire.  The certification and discipline of

New Hampshire psychologists is statutorily vested in the state

Board of Examiners of Psychology and Mental Health Practice

(Board), New Hampshire Revised Statutes Annotated (RSA) 330-A (&
Supp. 1996).[1]

In response to certain complaints, the Board, informal
settlement attempts having failed, held a hearing, the result of
which was suspension of plaintiff's psychologist certificate for
a period of five years.  Trotzer appealed to the New Hampshire
Supreme Court, which accepted his appeal but denied stay of
suspension pending the resolution thereof.

Plaintiff then commenced the action before this court,
seeking, inter alia, preliminary injunctive relief from the
suspension of his certificate.  The claim for injunctive relief
was referred to the magistrate judge, whose R & R, grounded on
abstention, Younger v. Harris, 401 U.S. 37 (1971), and the
Rooker-Feldman doctrine,[2] recommended denial of such relief.

2.  Discussion

Entitlement to relief by medium of preliminary injunction
requires a movant to show "(1) the likelihood of success on the

_____

[1]The primary purpose of RSA 330-A is to assure high-quality
mental heath care and to protect the public.  Smith v. New
Hampshire Bd. of Examiners of Psychologists, 138 N.H. 548, 645
A.2d 651 (1994).

[2]See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923);
District of Columbia Court of Appeals v. Feldman, 460 U.S. 462-
476 (1983).

merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996) (citations omitted). The most important of these factors is the likelihood of success on the merits. Id. at 16.

The magistrate judge held that the plaintiff could not succeed on his action in this court because the doctrine of abstention, pursuant to Younger v. Harris, supra, served to prevent the court from hearing the case. In the circumstances of this case, that doctrine prevents a decision on the merits "so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding . . . that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996) (citing Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S. 423, 432 (1982)). Finding these criteria to exist, the magistrate judge suggested that abstention barred the granting of injunctive relief. The magistrate judge also held that the Rooker-Feldman

3

doctrine barred the issuance of a stay of the suspension order of the Board where the New Hampshire Supreme Court had refused to do so.

Plaintiff fiercely contests these recommendations, contending that he has a due process right to challenge his suspension pending resolution of the New Hampshire Supreme Court appeal and arguing that as he has no interlocutory right of appeal to the Supreme Court of the United States, there must be a remedy in this court. The court finds these arguments unpersuasive.

There is little question that, on the record currently before this court, all three of the above-cited criteria for abstention are clearly present. Moreover, plaintiff raised his due process claim concerning the stay of suspension "before the New Hampshire Supreme Court, albeit unsuccessfully, and may not obtain review of its decision in federal district court on any pretext." Wang v. New Hampshire Bd. of Registration in Medicine, 55 F.3d 698, 703 (1st Cir. 1995) (citing Schneider v. Colegio de Abogados de P.R., 917 F.2d 620, 628 (1st Cir. 1990)).

Accordingly, the magistrate judge was correct in all aspects of the R & R. The plaintiff's objection is therefore overruled.

4

3. Conclusion

For the reasons hereinabove outlined, the court has overruled the plaintiff's objection to the R & R of the magistrate judge and herewith accepts such R & R without modification.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

June 18, 1997

cc:   Paul McEachern, Esq.
      Douglas N. Jones, Esq.