Rockingham
No. 96-416

WILLIAM S. BARTLETT, JR. AND LEE BARTLETT

v.

TOWN OF KINGSTON

March 26, 1998

*Orr & Reno, P.A.*, of Concord (*Charles A. Szypszak* on the brief and orally), for the plaintiffs.

*Loughlin & Wade*, of Portsmouth (*Peter J. Loughlin* on the brief and orally), for the defendant.

HORTON, J. The plaintiffs, William S. Bartlett, Jr. and Lee Bartlett, appeal a decision of the Superior Court (*McHugh*, J.) affirming the Kingston Zoning Board of Adjustment's (board) denial of the plaintiffs' administrative appeal. The plaintiffs argue that the trial court erred as a matter of law in ruling that their property was located in a more restrictive zoning district. We reverse.

The plaintiffs own a parcel of land on Little River Road located in "historic district II." The Kingston Zoning Ordinance defines historic district II

> to include Alma Ave. from a line at the center of the road extending back 150 feet on both sides of said line; Little River Rd., from a line at the center of the road, extending back 300 feet on both sides of said line, starting at a line 150

feet Southwest of Alma Avenue and running Northeast, stopping at the East side of the second bridge; Little River Road West from a line at the center of the road extending back 300 feet on both sides of said line, starting at Little River Road and running West for 1,350 feet. Properties whose frontage lies partially within the District, shall be considered within the District, to the distance from the center line as described above.

KINGSTON, N.H., ZONING ORDINANCE art. IV, § 4.13 (1991). Historic district II is an overlay district, established in 1978, which overlays an area zoned "Rural Residential." The rural residential zoning would permit the plaintiffs to use their property for residential purposes and to store heavy construction equipment. Neither party disputes that the property is in historic district II.

On March 13, 1979, the Kingston Town Meeting amended the zoning ordinance to establish a "Single Family Residential-Agricultural District" (SFR-AGR). This district's boundaries were defined as:

Commencing from the corner of Route 125 and Route 111 on both sides of the road for an appropriate distance along Route 111 to the Exeter Town line, and then along South Road on the Kingston side of the road to Shore Road, turning onto Shore Road on both sides, including that area known as "Riverwood" to the bridge on Little River Road. This would include all land lying between Route 111 and Shore Road and that land lying between Route 111 and the historical district along Little River Road, said area to include 1500 feet from the centerline on both sides of the road.

KINGSTON, N.H., ZONING ORDINANCE art. IV, § 4.51 (1991). While both rural residential and SFR-AGR zoning districts permit residential uses, only the rural residential district permits storage of the construction equipment.

In early 1991, a community-wide brouhaha developed over the plaintiffs' storage of the construction equipment. On July 16, 1991, the plaintiffs petitioned the board to overturn an administrative decision ordering them to cease storing construction equipment on their property. At a board hearing on September 26, 1991, the plaintiffs requested a continuance of their non-conforming use, which the board denied. The plaintiffs appealed, claiming their property was located in the rural residential district. The trial court

affirmed the denial, reasoning that although the ordinance was "somewhat ambiguous," the "administrative gloss" given to the language since its adoption supported the town's interpretation. The court approvingly noted that the 1980, 1982, 1984, 1986, 1989, and 1990 versions of the zoning map all showed the subject property within the SFR-AGR district. On appeal, the plaintiffs contend that the board's finding, confirmed by the trial court, that their property was located in SFR-AGR, rather than the rural residential district, was erroneous as a matter of law.

The trial court's decision is limited to a determination of whether, on the balance of probabilities, the decision of the board was unlawful or unreasonable. RSA 677:6 (1996); *Dube v. Town of Hudson*, 140 N.H. 135, 137, 663 A.2d 626, 628 (1995). We shall not set aside an order or decision of the trial court except for errors of law or unless, based on the evidence before it, the decision is unreasonable. *Dube*, 140 N.H. at 137, 663 A.2d at 628.

The plaintiffs argue that the SFR-AGR ordinance only includes property within 1500 feet of Route 111, while the town argues that the zone includes property within 1500 feet of Little River Road. The Town of Kingston (town) argues that the plaintiffs' interpretation of the zone established by the SFR-AGR district would produce "illogical" results, allowing some portions of historical district II to be unprotected from "incompatible land uses that were possible under the Rural Residential designation."

To determine the area included within the SFR-AGR district, we must analyze the district's boundaries. We have yet to decide which property description controls in a conflict between a map and a description, *see White v. Francoeur*, 138 N.H. 307, 310-11, 638 A.2d 1250, 1252 (1994), and need not do so here. Although a zoning map may provide insight into district boundaries, *see* 8 E. MCQUILLIN, MUNICIPAL CORPORATIONS § 25.89, at 338 (3d ed. rev. 1991), the present boundaries must be determined by the text of the ordinance because "[t]he exact boundaries of the various districts are not delineated in the Zoning Map, but rather by verbal description in Article IV of this ordinance." KINGSTON, N.H., ZONING ORDINANCE art. III, § 3.10 (1991).

In analyzing the ordinance, we read the first sentence to define the reference lines, and the second sentence to describe the area surrounding those lines to create a zone. We conclude that the description in the first sentence does not have its terminus at the same point as the origin. Instead, the description proceeds no further than to the bridge on Little River Road. The town argues

that the last reference to "road" in the second sentence should refer to Little River Road, rather than to Route 111, because Little River Road is the last reference to a "road" in the zoning ordinance. We find that argument unpersuasive.

The ordinance explicitly refers to Routes 111 and 125, South Road, and Shore Road, and only implicitly includes a limited portion of Little River Road to the bridge. The two references to Little River Road, rather than delineating reference lines, modify and describe landmarks and land areas within the defined zone; namely, the bridge and the historic area. We therefore adopt the plaintiffs' analysis and conclude that their property is not located within the SFR-AGR district as currently established.

The "road" in the ordinance is Route 111. Thus, the zoning district includes property within 1500 feet from Route 111 but fails to include the plaintiffs' property within the district defined by the ordinance. To adopt the town's position would require us to add additional language extending the reference line along Little River Road beyond the bridge to the intersection of Little River Road and Route 125. We refuse to interpret the ordinance in such a broad manner when the language evinces a narrower, yet still reasonable result.

*Reversed.*

All concurred.