Merrimack
No. 97-358

GREG R. THOMPSON, M.D.

v.

NEW HAMPSHIRE BOARD OF MEDICINE

October 14, 1998

*Stanton E. Tefft,* of Bedford, by brief and orally, for the plaintiff.

*Philip T. McLaughlin,* attorney general (*Jennifer Brooks Gavilondo,* attorney, on the brief and orally), for the defendant.

HORTON, J. The defendant, the New Hampshire Board of Medicine (board), appeals two orders of the Superior Court (*Galway*, J.) granting temporary and permanent injunctive relief to the plaintiff, Greg R. Thompson, M.D. The superior court found that the board violated Dr. Thompson's procedural due process rights during the pendency of disciplinary proceedings against him. On appeal, the board contends that the superior court should have refrained from exercising its equitable jurisdiction to review the board's conduct. We affirm.

The board commenced disciplinary proceedings against the plaintiff as a result of allegations that he had engaged in professional misconduct. Dr. Thompson admitted to the allegations, and the board commenced a hearing on February 5, 1997, to determine the appropriate sanction. The board adjourned the hearing at the end of the day without rendering a final decision and kept the record open until February 21.

Dr. Thompson subsequently filed a petition for temporary and permanent injunctive relief with the superior court, claiming that the board had violated his right to due process under the State and Federal Constitutions. Dr. Thompson argued that the board deprived him of a fair and impartial hearing in: (1) permitting one member of the attorney general's office to act as prosecutor, and another to advise the board and help preside over the disciplinary hearing without maintaining adequate "walls of division" between them; and (2) allowing two individuals with conflicts of interest to sit as public members of the board in contravention of RSA 329:2 (1995 & Supp. 1997). At that time, the board had taken no disciplinary action nor issued any orders concerning Dr. Thompson.

After holding a hearing, the superior court temporarily enjoined the board from conducting further proceedings against Dr. Thompson. The court determined that: (1) a present threat of irreparable harm existed; (2) no adequate, alternative remedy at law existed; (3) there was a likelihood of success on the merits by a balance of the probabilities; and (4) the public interest would not be adversely affected if the court granted the preliminary injunction. *See UniFirst Corp. v. City of Nashua*, 130 N.H. 11, 14-15, 533 A.2d 372, 374 (1987).

When neither party requested a further hearing on the issue regarding the conduct of the attorney general's office, the superior court permanently enjoined the board from conducting further proceedings against Dr. Thompson unless certain procedural conditions, the substance of which is not relevant to this appeal, were met. After reviewing the information presented at the prior hearing

and the transcript of the February 5 hearing, the court found that the board's actions produced an appearance of impropriety "which is so substantial as to be a denial of due process."

Thereafter, the board resumed its hearing against Dr. Thompson in compliance with the court's order. On July 3, the board issued a final order revoking Dr. Thompson's medical license for a period of not less than four years.

On appeal, the board challenges the superior court's exercise of equitable jurisdiction to review its proceedings. Specifically, the board contends that: (1) the board's actions were not "final agency action" subject to judicial review under RSA 329:17, VIII (1995); and (2) the supreme court has exclusive appellate jurisdiction to review the board's disciplinary action and stay or suspend an order of the board, see id.; RSA 541:18, :22 (1997), which provides Dr. Thompson an adequate remedy at law.

We need not review the merits of the injunction because the board did not preserve this issue on appeal. See Dube v. Town of Hudson, 140 N.H. 135, 138, 663 A.2d 626, 628 (1995). The board conceded at oral argument that this appeal focuses exclusively on whether the superior court should have refrained from exercising its equitable jurisdiction to review the actions of the board.

We first address the board's argument that its conduct during the February 5 hearing did not constitute "final agency action" subject to judicial review. See RSA 329:17, VIII. In essence, the board argues that Dr. Thompson should have raised any alleged procedural or evidentiary violations in an appeal to this court only after the board had a full opportunity to impose an appropriate sanction. The board contends that the superior court subjected its actions to unwarranted interlocutory review and interfered with the efficiency of disciplinary proceedings. We disagree.

■ The superior court has the power to grant injunctive relief where a party would otherwise suffer immediate irreparable harm. See UniFirst Corp., 130 N.H. at 13, 533 A.2d at 374. It is within the trial court's sound discretion to grant an injunction after consideration of the facts and established principles of equity. See Smith v. N.H. Bd. of Psychologists, 138 N.H. 548, 550, 645 A.2d 651, 652 (1994). "We will uphold the issuance of an injunction absent an error of law, abuse of discretion, or clearly erroneous findings of fact." Id. at 550, 645 A.2d at 652-53.

Generally, the superior court may grant injunctive relief where: (1) a potential due process violation or prejudice has occurred; (2) an important collateral issue completely separate from

the merits of the action can be resolved; and (3) failure to review would result in serious and immediate harm. *See UniFirst Corp.*, 130 N.H. at 14-15, 533 A.2d at 374; *cf. Coopers & Lybrand. v. Livesay*, 437 U.S. 463, 468 (1978) (noting that to fall within a limited exception to the final judgment rule, "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment"); *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 545-46 (1949) (discussing federal statute authorizing immediate appeal of orders concerning collateral matters independent of the underlying case itself and "too important to be denied review"). Essentially, the complainant "has the burden of persuading the [superior court] that exceptional circumstances justify a departure from the basic policy of postponing . . . review until after the entry of a final judgment." *Coopers & Lybrand*, 437 U.S. at 475.

■ Parties cannot circumvent the statutory appeal process under the guise of a petition for injunctive relief concerning issues directly related to the merits of the underlying proceeding, such as evidentiary rulings, and collateral issues that lack immediate irreparable impact. The superior court may, however, intervene prior to entry of final judgment in exceptional circumstances where, as here, a party raises a due process violation that fundamentally impedes the fairness of an underlying proceeding resulting in immediate and irreparable harm to that party. *See UniFirst Corp.*, 130 N.H. at 13-15, 533 A.2d at 373-74; *cf. Coopers & Lybrand*, 437 U.S. at 468 (explaining collateral-order doctrine which permits appellate review prior to final judgment). Accordingly, we cannot say, under the circumstances of this case, that the superior court abused its discretion or committed an error of law when it exercised its equitable jurisdiction to review the board's conduct prior to final disposition of the sanction hearing. *See Smith*, 138 N.H. at 550, 645 A.2d at 652-53.

We next address the board's claim that Dr. Thompson's statutory right to appeal the board's actions to the supreme court and seek a stay or suspension of the board's order from the supreme court provides him an adequate remedy at law. *See* RSA 329:17; RSA 541:18, :22. The board essentially argues that even if the board committed due process violations, the superior court lacked jurisdiction to review the board's conduct because Dr. Thompson had not exhausted his administrative remedies at the supreme court level. We disagree.

■ RSA 329:17, VIII provides that "[d]isciplinary action taken by the board under this section may be appealed to the supreme court under RSA 541. However, no sanction imposed by the board shall be stayed during appeal." (Emphasis added.) Likewise, RSA 541:18 states that only the supreme court "shall suspend the operation of [an] order" of the board. (Emphasis added.) In addition, RSA 541:22 states that "[n]o proceeding other than the appeal herein provided for shall be maintained in any court of this state to set aside, enjoin the enforcement of, or otherwise review or impeach any order of the commission, except as otherwise specifically provided." (Emphasis added.) Accordingly, this court's exclusive jurisdiction to review the board's conduct at the sanction hearing arises only after the board issues an order. Until that time, the superior court may exercise its equitable jurisdiction to stay the actions of the board in limited circumstances. *Cf. Smith*, 138 N.H. at 549-50, 645 A.2d at 652-53; *UniFirst Corp.*, 130 N.H. at 12-14, 533 A.2d at 373-74. Here, the board commenced an ongoing proceeding and had not yet issued its final decision when the superior court granted Dr. Thompson's requests for injunctive relief. As such, the superior court appropriately exercised its equitable jurisdiction to review the board's actions before the board had imposed a disciplinary sanction in this matter.

Moreover, given that "no sanction should be stayed during the appeal," an appeal only to the supreme court may not offer an adequate remedy for some plaintiffs. RSA 329:17, VIII. In the case of disciplinary proceedings against a medical doctor, the board has the power to suspend or revoke a doctor's license. Such suspension or revocation remains in effect during the appeal period and may have severe repercussions on the doctor's livelihood. For example, a physician, like Dr. Thompson, most likely would be unable to recover lost income and a decreased patient base during the appeal period. Under the circumstances in this case, it is appropriate for the superior court to have equitable jurisdiction to review the lawfulness of the board's proceedings prior to the imposition of a disciplinary sanction.

The board's remaining arguments either are not preserved for appeal, *see Dube*, 140 N.H. at 138, 663 A.2d at 628, or are without merit, *see Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993). Consequently, we need not address them.

*Affirmed.*

All concurred.